BOHLMANN, Respondent, vs. PENN ELECTRIC CORPORATION and others, Appellants: ZIMMERMANN and another, Interpleaded Defendants and Respondents.

*May 10—September 12, 1939.*

For the appellants there were briefs by *Buchen, Federer & Grote* of Sheboygan, attorneys, and *William A. Hayes* of Milwaukee of counsel, and oral argument by *Mr. Hayes* and *Mr. Jacob F. Federer.*

For the respondent Hugo Bohlmann there were briefs by *Bassuener, Humke & Poole* of Sheboygan, and oral argument by *John M. Poole.*

For the interpleaded defendants and respondents there were briefs by *Ben E. Salinsky* of Sheboygan, attorney, and *Dougherty, Arnold & Kivett, Michael H. Keelan,* and *Suel O. Arnold,* all of Milwaukee, of counsel, and oral argument by *Mr. Arnold, Mr. Keelan,* and *Mr. Salinsky.*

The following opinion was filed June 21, 1939:

FOWLER, J. As appears more particularly from the foregoing statement of facts, the action was brought against the driver of a truck, his employer, and the insurer of the truck to recover damages sustained through alleged negligence of the driver. The defendants interpleaded one Zimmermann, the owner of another truck, who is alleged to be a tort-feasor with the truck driver sued by the plaintiff, and to be liable for contribution on payment of the plaintiff's judgment by an original defendant. The appellants assign as error: (1) Awarding judgment against them for the plaintiff; and (2) dismissing their cross complaint against Zimmermann.

(1) Little need be said upon this point. The appellants contend that because the plaintiff knew that the highway was much traveled; of the degree of darkness; that the plaintiff did not look; that he took position as he did; and that he was in the shadow of the truck, he was negligent and was so negligent that as matter of law his negligence was as much as fifty per cent of the total negligence involved, and that the

comparative-negligence statute, sec. 331.045, as construed in *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721, thus bars him from recovery. No useful purpose would be served by detailed statement of the evidentiary facts bearing upon comparative negligence. We will only say in this regard that we consider that the jury's finding as to the degree of plaintiff's negligence must be sustained.

As to the negligence of Farchmin, the truck driver sued by the plaintiff, we understand that the appellants do not contend that the jury's findings in respect to him are not sustained. At any rate, we consider them amply supported by the evidence.

It having been found that Farchmin was causally negligent and that the plaintiff's causal negligence was less than fifty per cent of the total causal negligence involved, the judgment for the plaintiff against the original defendants was proper under the rule of *Walker v. Kroger Grocery & Baking Co., supra.*

(2) The claim against Zimmermann made by the cross complaint is that he was a joint tort-feasor with Farchmin and he is therefore liable to the appellants for contribution upon payment of the plaintiff's judgment by them. The jury found Zimmermann causally negligent for failure to warn. The trial court considered that under the evidence the relation of master and servant existed between Zimmermann and Bohlmann, and that under the law of master and servant Zimmermann owed no duty to Bohlmann to warn him because under the facts the danger to Bohlmann was as obvious to Bohlmann as to Zimmermann, and Zimmermann sustained no liability because he gave no warning. Appellants' counsel claim that the opinion of the trial court that the relation of master and servant existed is erroneous. But if it be so, this does not aid the appellants. Unless Zimmermann as master owed the plaintiff the duty to warn him, there is no basis whatever for holding that he owed the plaintiff that duty. The duty of a master as to warning is to

warn of dangers that are not obvious to the servant, or not as obvious to him as they are known by the master to exist. Where danger is as obvious to the servant as to the master, as is manifestly the case here, the master owes no duty to warn.

The joint tort liability of Zimmermann, if it exists at all, must rest upon grounds of negligence other than duty to warn. Claim of Zimmermann's negligence was by the cross complaint based on alleged violations of the statutes of the state. Two of these relate to lights. Sec. 85.06 (1), Stats., provides that the lights required by statute to be maintained on motor vehicles shall be displayed from one-half hour after sunset to one-half hour before sunrise. Sub. (2) (b) of sec. 85.06 requires that when a motor vehicle is parked on or immediately adjacent to a highway a taillight shall be displayed that will be discernible under ordinary atmospheric conditions for five hundred feet to the rear.

Sub. (2) (d) of said section requires that no person shall, between the hours above stated, permit a motor truck to stand upon any traveled portion of any highway outside of corporate limits of a city or village unless it is protected by a burning fusee on the extreme left side of the vehicle or by lights placed one hundred twenty-five feet to the front and rear.

It is conceded that Zimmermann did not have burning any taillight or fusee or lights front and rear of his truck. But by a question put to them the jury found that the accident did not occur between the hours above stated. They thus found that the statutes above stated were not violated by Zimmermann. Questions were also specifically put as to the negligence of Zimmermann in these two respects and the jury found he was not negligent in respect thereto. The instructions were based entirely on the statutes as to the time of display of the lights. The only negligence charged against Zimmermann in respect to lights was the violation of these statutes. Thus if the finding of the jury as to the time of

the injury is supported by the evidence, no negligence of Zimmermann can be predicated upon failure to maintain lights. We have considered all the evidence bearing upon this question, and must hold that it supports the finding.

Another statute, sec. 85.19, provides in sub. (1) that no person shall leave standing on the highway outside a business or residence district any vehicle, whether it is attended or not, when it is "practical" to leave it standing off the roadway of such highway. Sub. (8) of this statute provides that it shall not apply to the operator of any vehicle which is disabled on the highway in such manner that it is impossible to avoid stopping or temporarily leaving such vehicle in such position. The cross complaint alleges violation of this statute. The court as covering violation of this statute submitted the question whether Zimmermann was negligent in failing to remove the truck from the roadway before jacking it up. The court instructed the jury properly as to the statute and as to sub. (8) thereof, and the jury answered the question "No." Whether this finding is supported by the evidence is a close question. Manifestly, under the undisputed fact that a level shoulder seven to eight feet wide existed at the point where the truck stood and from the outer edge of the level shoulder there was an easy drop of four or five feet to the bottom of a shallow ditch on which a truck could move or stand, there was ample room for the truck off the roadway. Manifestly, also, the truck was not so disabled that it was "impossible" to remove it off the highway. It might have been moved off by its own power after the tire went flat. The question still remains under sec. 85.19, Stats., whether it was "practical" to remove the truck off the highway. There was testimony that the shoulder was soft. If it was, this was properly for consideration by the jury upon the question of practicability. If soft the truck might not get traction to effect removal under its own power, and the jack might not get support to permit lifting the wheel high enough to permit replacement of a tire. But as counter to this, the

testimony showed that the other truck was moved wholly off the roadway onto the shoulder and had no difficulty in moving back on its own power. The accident occurred on November 22d. It appears by government weather bureau records in evidence based on observations at Sheboygan, about five miles from the place of the accident, that no rain fell between November 18th and November 27th, and that from November 19th to November 23d, inclusive, the thermometer at no time was above freezing. It ranged between 16 degrees and 29 degrees Fahrenheit. On the 22d the maximum temperature was 29 degrees, the minimum 18 degrees and at 8 o'clock on the morning of the 23d, it was 24 degrees. It would seem that under these admitted facts the shoulder could hardly have been soft enough to have prevented either traction to move the car on its own power or to prevent efficient use of the jack upon it. Besides, the truck was at Bohlmann's farmhouse, and his team was available to move the truck if traction failed. However, upon all the testimony bearing upon the point we cannot say that the inference of the jury is contrary to the proved physical facts or beyond the realm of reason. We consider that we must hold that the jury's finding in the respect under consideration cannot be disturbed.

The findings of the jury as to Zimmermann's negligence for failure to warn Bohlmann being out of the case because as matter of law under the conceded facts of the case Zimmermann owed no duty to warn, and the other grounds of his negligence alleged in the cross complaint having been properly found by the jury in favor of Zimmermann, the cross complaint against Zimmermann was properly dismissed.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on September 12, 1939.