LEMBKE, Special Administratrix, Respondent, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Appellants.*

*September 15—October 12, 1943.*

* Motion for rehearing denied, without costs, on December 7, 1943.

For the appellants there were briefs by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *R. T. Reinholdt.*

*Wendell McHenry* of Waupaca, for the respondent.

FRITZ, J.  Arthur A. Lembke died as the result of being struck by an automobile operated by the defendant, Harold Crane, about 8:30 p. m. on February 25, 1942.  The accident happened on the twenty-three-feet-wide black-top roadway of a highway extending north and south.  While Lembke was driving southward, his car had stalled in the center of the west half of the roadway.  He and his guest, Jens Jensen, pushed the car onto the three-feet-wide level west shoulder until it was along the side of a snowbank, about three feet

from the black-top roadway. On the east side the car extended about three feet onto the black-top roadway, which left a clearance of eighteen to twenty feet for vehicular traffic on the black-top roadway, in addition to the one-foot-wide level shoulder along the east side. The nearest driveway entering the highway was one tenth of a mile to the south. Upon investigation Lembke learned that the car had stalled for want of gasoline. He turned off the lights on the car, which were still in operating condition, and although he had a flashlight in working order he did not use it. He and Jensen then walked five hundred feet to a farmhouse to get gasoline. Jensen returned first and sat on the front seat of the car. When Lembke returned with gasoline in a two-gallon can, he went to the rear and started pouring gasoline into the tank, the opening to which was near the rear left corner of the car. While so engaged he was struck and killed instantly by Crane's southbound car. The right corner thereof also struck the rear left corner of Lembke's car, crushing the fender and tearing off the fender guard at that corner, and the car was forced thirty-five feet ahead. The right front headlight and fender of Crane's car were smashed, and the right side of the front windshield was cracked. All of its lights were off when it came to a stop in the ditch on the east side of the highway after the collision.

In addition to the foregoing facts, which were established without dispute, there was proof which resulted, because of conflicts in the evidence, in issues for the jury in the following respects. Whether, as Crane testified, the night was very dark so that he could not see Lembke's car until he was twenty-five feet from it, or whether the moonlight and visibility were such that Lembke's car was visible to Crane while approaching for four hundred to five hundred feet from the north. Whether there was at the rear and above the left bumper of Lembke's car, and visible to a driver approaching from the north a reflective signal in compliance with the S. A. E. requirements, and whether there were also two red button re-

flectors and a yellow reflector near the license plate in the center of the spare tire. Whether, when he came close to Lembke's car, Crane was blinded by the headlights of an approaching northbound car, the headlights of which he had noticed as it was approaching a mile away; whether the lights of that car were dimmed as it came nearer and passed Lembke's car and then Crane's car immediately prior to the accident; and whether Crane had tilted his headlights for that approaching car and therefore did not see Lembke's car until he was twenty-five feet from it. Whether Crane, in approaching, was driving at thirty miles per hour with his car under control, or whether his speed was excessive and his car not under control; and whether upon discovering the stalled car in his line of travel he attempted to turn to his left but did not have sufficient time to avoid striking it. Whether north of the place of the accident the roadway was level for two hundred forty-nine feet and then sloped upward for two hundred fifty feet, so that Crane's view of Lembke's car, and likewise Lembke's view toward Crane's approaching car, was unobstructed at all times while Crane was approaching from that distance, or whether within that distance a rise of two hundred sixty-five feet in the grade of the road obstructed their view. Whether, while Lembke was pouring the gasoline, he stood to the rear or at the left side of his car, and whether, for his own safety, he kept a proper lookout or attempted to step out of the pathway of Crane's car.

In view of the issues in those respects, the court rightly submitted to the jury for a special verdict questions as to whether Crane was causally negligent in respect to maintaining a sufficient lookout and the control of his automobile. In answer thereto, the jury found Crane causally negligent in both of those respects and, as the evidence admitted of those findings, they could be sustained but for defendants' contention that the court erred in giving the italicized portion of the following instruction to the jury,—

" . . . it is the duty of every automobile operator to keep a careful lookout ahead and to the sides in order to see any other traveler on foot or by vehicle who may be within or approaching his line of travel, and it is his duty to take all reasonable care and precaution to avoid collision with any other traveler or vehicle, and to that end to so limit his rate of speed and so control the movement of his vehicle, that he is not likely to endanger and *does not endanger the property, life or limb of any person*. Failure to perform that duty constitutes negligence."

By those italicized words, the court erroneously imposed upon Crane the absolute duty not to injure or endanger any person. It is the duty of an automobile operator to exercise ordinary care with respect to his speed and control, but the law does not impose upon him the absolute duty not to injure or endanger any person or his property. As we said in relation to a similar instruction in *Schulz v. General Casualty Co.* 233 Wis. 118, 126, 288 N. W. 803,—

"The instruction is obviously erroneous. The duty is not to have his car under such control as to enable him to avoid accident, but to use ordinary care to that end." See also *Beer v. Strauf,* 236 Wis. 597, 600, 296 N. W. 68.

In applying the erroneous standard stated in the court's instruction, the jury virtually had to find Crane negligent because in his control of his car he had not succeeded in avoiding injury to Lembke. Consequently, as that error obviously was prejudicial to Crane and probably involved in the jury's finding that he was negligent in respect to control, the defendants were entitled to have the court grant their motion for a new trial; and for that purpose the cause must be remanded.

In the event of another trial, the following may be helpful. In the form for the special verdict the court included questions as to whether Lembke was causally negligent in respect to the manner in which he parked or left his car standing on the highway, and also in respect to the lights on the car. How-

ever, instead of submitting those questions to the jury, the court answered them, notwithstanding plaintiff's objections, by finding that Lembke was causally negligent in each of those respects. In thus directing the answers to the questions the court was in error. Under the evidence there is occasion for considerable doubt as to whether a jury would find Lembke causally negligent in respect to the manner in which he parked or left his car standing partly on the highway. As to negligence on his part in respect to lights, it appeared without dispute that he had turned off the lights on his car. But if by the question on that subject in the verdict it was intended to have a determination as to whether he was causally negligent in respect to having a reflective signal as required by law, there were such conflicts in the evidence that the resulting issue was clearly for the jury.

On the other hand, in view of an instruction,—which was requested by defendants, but not given to the jury,—on the subject of Lembke's duty while afoot on the highway to exercise ordinary care for his own safety, there should have been submitted (and in the event of a new trial it may be proper to submit) to the jury for consideration either by questions in the special verdict or by appropriate instructions, the issues under the evidence as to whether there was causal negligence on the part of Lembke in respect to keeping a proper lookout and stepping out of the pathway of Crane's car for his own safety. Findings in respect to those matters may be necessary because they may have to be taken into consideration in determining the issues,—if any,—as to comparative negligence. In respect to such issues it may be helpful to note the special verdict sustained in *Bohlmann v. Penn Electric Corp.* 232 Wis. 232, 286 N. W. 552, in relation to a somewhat similar accident.

*By the Court.*—Judgment reversed, and cause remanded with directions to order a new trial on defendants' motion.

The following opinion was filed December 7, 1943:

FRITZ, J. (*on motions for rehearing*). Each of the parties has noticed a motion for a rehearing. In defendants' brief attention is called to two corrections which must be made in the opinion heretofore filed herein. In stating in the second paragraph that the facts mentioned in the first paragraph were established without dispute, there should have been excepted from that conclusion the proposition that Lembke's car was forced ahead thirty-five feet. The defendant Crane testified that the car was forced ahead only six to ten feet; and as there was also some other conflicting evidence there was an issue for the jury in that respect. The statement in the opinion to the effect that the court answered some of the questions in the special verdict by finding that Lembke was *causally* negligent in respect to the manner in which he parked or left his car standing on the highway, and also in respect to the lights on his car, was incorrect in that, although the court found that Lembke was negligent in those respects, the court did not find that such negligence was a cause of his injury. The issues as to cause were duly submitted by the court to the jury; and the latter found that Lembke was causally negligent in both of those respects. The correction of those errors is of importance to avoid misunderstanding in the event of a new trial; but the erroneous statements did not affect in any material manner the ultimate conclusions stated as basis for the mandate.

The briefs filed by the parties in support of their respective motions for a rehearing repeat and, to some extent, enlarge upon the arguments heretofore presented in support of their contentions in relation to several matters not disposed of in the opinion. But until there is proper final determination of such controlling ultimate issues of fact as may arise under the evidence on a retrial so that there can be ascertained what questions of law are actually involved, we refrain from presently

passing upon the questions which counsel claim may be then involved. Until it is for instance finally determined that Lembke did not have on the rear of his car a reflective signal, shown to have been approved by the motor vehicle department so that it may be used, under sec. 85.06 (2) (b), Stats., in lieu of tail-lights on parked vehicles, there is no occasion to determine whether he was negligent as a matter of law in that respect.

*By the Court.*——Motions denied.