LENA SMITH, Appellee, v. EARL C. PUST, Appellant.

No. 46048.

NOVEMBER 24, 1942.

REHEARING DENIED FEBRUARY 12, 1943.

D. D. Murphy & Son, of Elkader, for appellant.

C. F. Neylan and J. J. Hyde, both of Elkader, for appellee.

STIGER, J.— The accident occurred on the morning of March 30, 1940, about two miles south of Elkader on primary highway No. 13. Robert Dinan was the driver of the car in which appellee was riding and Emogene Bassett drove appellant's car, in which were four passengers.

As appellant's principal contention is that his motion for directed verdict should have been sustained, that there was not sufficient evidence of negligence or proximate cause to take the case to the jury, we will refer to the testimony most favorable to appellee where there is a conflict in the evidence.

While Mrs. Bassett was driving north on the highway the left front tire was punctured. She drove onto the right shoulder and stopped the car. She then drove onto the pavement to go to an oil station about 450 feet ahead. After driving about two car lengths she stopped the car to look at the tire. She testified:

"It was partly on the rim and I decided it was not safe to run. I left the car because I had come to the conclusion that in the shape the tube was I felt it was impossible to go on. The car would move with difficulty and I did drive along the pavement 2 car lengths. It could be driven. I got out and looked at the tire. Mr. Downey came to our assistance. I heard Mr. Downey state it was on the rim. Mr. Downey was looking at the tire."

We will now refer to some of the evidence introduced by appellee. Harold Downey, in passing appellant's car, observed the down tire. He sent his father back to the car to tell the occupants to drive the car to the filling station and he would change tires for them. They refused to do this because it would "hurt the car." Downey then took his equipment to the car and

asked that it be moved off the pavement onto the shoulder. This request was refused because they did not want to hurt the tire. Downey testified that the shoulder was in fairly good shape; that it was not real hard and was not real soft, and that it would have been practical for him to change the tire on the shoulder if it had been driven there. The only trouble was that the tire was flat, but was on the rim. "You could drive the car to the oil station but it might hurt the tire is all."

Appellant's car was stalled on the right or east side of the pavement just north of the north end of a curve. While Downey was fixing the tire, Mrs. Bassett went to the rear about two lengths of the car to flag automobiles approaching on the curve from the south and two of the occupants stood at the front of the car. About this time the Dinan car was approaching the stalled car from the south and rounded the north end of the curve. Dinan testified that he could see the appellant's car when he was about 125 feet south of it; that at this time there was a car approaching from the north on the west one half of the pavement, and directly west of or opposite to appellant's car, which had stopped in that position or was being driven very slowly. Mrs. Bassett was standing on the east shoulder. Dinan was driving from 45 to 50 miles per hour. When he saw this situation before him, he immediately applied his brakes, but was unable to stop his car and struck the rear of appellant's car at a speed of about 10 miles per hour.

I. Plaintiff claims Mrs. Bassett violated the provisions of section 5030.01, 1939 Code, and that the circumstances did not bring her within the exception provided by section 5030.02, 1939 Code. The statutes read:

"5030.01 Stopping on traveled way. Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped

vehicle be available from a distance of two hundred feet in each direction upon such highway.

"5030.02 Disabled vehicle. Section 5030.01 shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

Appellant's first proposition is:

"An automobile which is standing partly on the pavement and partly off the pavement and at the time undergoing repairs in daytime with clear view of oncoming traffic with attendants attempting to warn oncoming traffic is not 'parked within the meaning of Sec. 5030.01 and Sec. 5030.02.' "

We should first state that several witnesses testified that the four wheels of appellant's car were on the right side or east half of the pavement. We are unable to agree with appellant's construction of the statutes.

Section 5030.01 prohibits a person from stopping or parking any vehicle on the pavement if it is practical to stop or park the vehicle off of the pavement.

Section 5030.02 provides that section 5030.01 shall not be applicable if the vehicle is disabled to the extent that it is impossible to avoid stopping and temporarily leaving it on the pavement.

There is evidence that the shoulder was in reasonably good condition and that it was practical to park the car on the east shoulder; that to avoid injury to the tire, Mrs. Bassett refused to move the car onto the shoulder, and that the car could have been driven off the pavement onto the shoulder under its own power without serious difficulty.

The record does not bring appellant within the protection of section 5030.02 as a matter of law. The trial court was right in submitting the question of the negligence of the driver of appellant's car to the jury. See Bohlmann v. Penn Elec. Corp., 232 Wis. 232, 286 N. W. 552.

Appellant cites Hanson v. Manning, 213 Iowa 625, 239

N. W. 793, and Winter v. Davis, 217 Iowa 424, 251 N. W. 770, to sustain his contention that if a vehicle is disabled on the highway it is permissible for the driver to stop it on the highway and there make repairs, providing he exercises reasonable care under the circumstances. The cases tend to sustain appellant's proposition, but were decided before the above statutes were enacted and in view of the statutes they do not control the decision in this case.

We have examined cases from other jurisdictions cited by appellant and find they involve materially different fact situations or dissimilar statutes.

In view of Dinan's testimony, and other evidence introduced by appellee, especially with reference to the situation at the place appellant's car was standing on the pavement as Dinan approached from the south, the question whether negligence on the part of Mrs. Bassett in violating the statute was a proximate cause of appellee's injuries was clearly for the jury.

Supplementing his contention that if Mrs. Bassett violated the statute such violation was not a proximate cause of appellee's injuries as a matter of law, appellant contends that the negligence of Dinan, driver of appellee's car, was an intervening, independent cause of the accident superseding Mrs. Bassett's negligence. This proposition cannot be sustained. If Dinan were negligent, his negligence and the negligence, under the circumstances, of Mrs. Bassett, in parking her car on the highway for repairs, operated concurrently to the moment of collision.

II. Appellant objects to instruction No. 11, and especially to the italicized portion:

Instruction No. 11:

"You are instructed that it is the law of this State that anyone operating a motor vehicle when the same becomes disabled, has a right if the same is so disabled that it *cannot be moved* to leave the said car upon the pavement; provided said occupants or driver of the car proceed with reasonable degree of celerity to repair the cause of the disability and if you find from all evidence in this case that defendant's car was so disabled and you find that the defendant or agents proceeded with celerity to repair such disability you will find for the defendant."

Appellant contends the instruction does not correctly interpret section 5030.02. His argument is that the section applies to a vehicle that is so disabled that in order to repair it, it is necessary to stop; that the down tire required Mrs. Bassett to stop the car, and therefore it was impossible to avoid stopping, and the section furnished a legal excuse for not complying with section 5030.01.

We cannot agree with this argument, which overlooks the last part of section 5030.02 which relieves a driver from complying with section 5030.01 if it is impossible to avoid stopping "and temporarily leaving such disabled vehicle in such position." There is ample evidence that Mrs. Bassett could easily have avoided temporarily leaving the automobile on the pavement. The instruction is not subject to the objection made to it.—Affirmed.

BLISS, HALE, GARFIELD, SAGER, OLIVER, and MILLER, JJ., concur.