SANDER UHLENHOPP, Appellee, v. HERMAN STEEGE, Appellant.

No. 46132.

DECEMBER 30, 1942.

REHEARING DENIED AND OPINION MODIFIED APRIL 21, 1943.

Geiser & Donohue, of New Hampton, for appellant.

Uhlenhopp & Uhlenhopp, of Hampton, for appellee.

WENNERSTRUM, C. J.—Plaintiff's automobile collided with the rear of defendant's automobile that had been parked near the edge of a paved country highway, which collision resulted in damages to plaintiff's car. An action was brought by plaintiff to recover damages. Upon trial a verdict was returned in favor of the plaintiff and judgment was entered thereon. A motion for a new trial and exceptions to instructions were overruled and the defendant has appealed.

The plaintiff's petition alleges that the defendant's car was parked on the north half of the main-traveled portion of a highway, after dark on February 15, 1942; that no flares or signals were provided to warn travelers of the presence of the car; that the plaintiff, driving his new Plymouth sedan automobile, could not and did not see defendant's parked car until he was within thirty feet of it, because of fog and poor visibility; that he collided with the back end thereof, and thereby sustained damages; that the plaintiff was operating his automobile with due care, was keeping a careful lookout, and was driving at about twenty or twenty-five miles per hour when he first saw defendant's automobile; that due to a patch of ice hidden from view by a thin

covering of fresh snow, and of which ice plaintiff had no knowledge, plaintiff was unable to stop or control his car, which skidded forward and against the back end of defendant's automobile; that the collision and damages were not caused by any negligence on plaintiff's part but were caused by defendant's negligence in the following particulars: (1) That defendant stopped, parked, and left his automobile on the main-traveled portion of the paved public highway, outside of a business-and-residence district, when there was a level dirt shoulder nine feet wide adjoining the pavement immediately to the north (2) that defendant was negligent in stopping, parking, and leaving his automobile on the main-traveled portion of said public highway, in that he failed to leave a clear and unobstructed width of at least twenty feet opposite the standing vehicle (3) that defendant was negligent in stopping, parking, and leaving his automobile on the traveled portion of the highway when a clear view of such automobile was not available for a distance of two hundred feet from the east upon said highway (4) that defendant was negligent in stopping, parking, and leaving his automobile on the highway when the weather was foggy and visibility was poor, and the road surface slippery, and further in that no sufficient signal warnings were provided.

The defendant, by way of answer, pleaded that at or near the point where the collision referred to in plaintiff's petition occurred, the right rear tire on his car became deflated, and that he immediately drove his car to the far right or the north side of the highway so that the wheels on the right side were on the shoulder, and that he brought his car to a stop; that at all times thereafter and until the collision there were two rear lights burning on his car, one on the right rear side and one on the left rear side, and that the headlights were burning; that plaintiff drove his car into and against the rear of defendant's car. Defendant further alleged that he was guilty of no negligence that in any manner contributed to said collision, but specifically alleged that the proximate cause of the accident was due to the negligence of the plaintiff in driving his car at such a rate of speed that he did not have the same under control and could not bring it to a stop within the assured clear distance ahead; that plaintiff failed

to keep a proper lookout and observe defendant's car, and that, due to plaintiff's failure to keep a proper lookout, he could not bring his car to a stop within the assured clear distance ahead.

It is defendant's contention that the court erred in the following particulars: (1) In admitting in evidence, over the objection of the defendant, an exhibit which was an itemized statement setting forth the cost of the repairs to plaintiff's car (2) in restricting the cross-examination of the plaintiff with reference to the distance within which his car could be brought to a stop under the conditions as they existed at the time of the collision, and also in further restricting the cross-examination of the plaintiff with reference to his knowledge of stopping distances as set forth in a chart that had been prepared and published by the Iowa Public .Safety Department (3) in overruling defendant's motion to direct a verdict because the plaintiff was guilty of contributory negligence as a matter of law (4) that the court erred in the giving of certain instructions that will be commented on later in detail.

I. The defendant asserts that the trial court was in error in admitting as an exhibit a repair bill wherein was set forth the claimed items of damage to plaintiff's car. It is contended that there was no evidence to show what parts of plaintiff's car were damaged in the collision, that there was no showing that the parts itemized in the exhibit were used to repair the parts damaged, and that the plaintiff failed to show that the cost of repairing the car did not exceed the actual value of the automobile as of the date of the collision.

The record shows that the car was a 1941 Plymouth and that it had been purchased new in May of that year; that the repairs made were for the parts that were damaged and that necessary new ones were furnished. It is further shown that prior to the collision the car was in no way damaged and was in good condition. The repair bill was in the amount of $253.24, which was the amount of the verdict returned.

. It is true that this-court has held, where property is damaged and can be repaired and placed in as good condition as before, the measure of damages is the reasonable cost of the repair but not to exceed the value of the property before it was damaged. Laizure v. Des Moines R. Co., 214 Iowa 918, 241 N. W. 480;

Langham v. Chicago, R. I. & P. R. Co., 201 Iowa 897, 208 N. W. 356. There was no proof of the value of the car before the collision. If there was error in the admission of the exhibit, we hold that it was error without prejudice, inasmuch as the record shows that the damaged automobile was a comparatively new Plymouth car, that was in good condition. We will take judicial notice of the fact that its value exceeded the cost of the repairs. Objection is made because there were included in the statement items covering a telephone call and Prestone. The testimony shows that all items noted in the statement were necessary in connection with the repair and we will not reverse for the inclusion of these items.

II. The defendant claims that the court committed error in restricting the cross-examination of the plaintiff relative to his knowledge of the distance in which a car could be stopped by the application of the brakes. He particularly claims error by reason of the fact that the court restricted his counsel in the cross-examination of the plaintiff in relation to plaintiff's familiarity with statements made in a pamphlet issued by the Iowa Public Safety Department as to the tests therein noted.

It has long been held by this court that the cross-examination of a witness must be confined to matters about which he has been examined upon direct examination or matters connected therewith directly or indirectly. This rule of law has been so long established that it is not necessary for us to here set forth the many authorities to this effect. The trial court must be allowed certain discretion in connection with a ruling relative to the objection that the questioning is not pertinent cross-examination. We will not recognize error in connection with this claim unless there has been an abuse of discretion. We have examined the record in this case and find that the court's ruling was proper. We see no occasion for questioning plaintiff as to his knowledge of certain tests reported in some publication of the Iowa Public Safety Department. There is no showing that the condition of the cars referred to in the booklet was the same as the condition of the plaintiff's car. There was no direct examination of the plaintiff as to his familiarity with the tests of other cars and we conclude that the restriction of the cross-examination of the plaintiff was proper.

 III. It is the contention of the defendant that the plaintiff was guilty of contributory negligence in the operation of his automobile, as a matter of law. It is asserted that the plaintiff's testimony, which was to the effect that he had good headlights, that he could see thirty feet ahead, had good brakes, that he did not observe the roadway was slippery, all indicated that the plaintiff was driving his car in a manner that contributed to the damages, and for that reason there should have been a directed verdict.

In the recent case of Central States Electric Co. v. McVay, 232 Iowa 469, 5 N. W. 2d 817, 820, 821, this court held, under very similar circumstances, that it was a question for the jury to decide whether or not a driver of an approaching automobile was exercising ordinary care in maintaining a lookout and in attempting to avoid a collision from the time he first saw the obstruction. We there quoted from 5 Am. Jur. 648, section 263, wherein that authority states that there is a tendency in the recent cases to refuse to hold that the driver of an automobile is guilty of negligence as a matter of law in driving at such a rate of speed as to prevent stopping in time to avoid an obstruction within the range of vision. The present case, unlike the McVay case, does not involve a defendant's failure to have his vehicle lighted as required by statute. However, the jury could have found that defendant, in stopping his car, violated. Code section 5030.01. The doctrine of the cited case is therefore applicable here.

It is our holding that the trial court was not in error in overruling defendant's motion for a directed verdict and that it was a question for the jury to decide whether or not the plaintiff exercised the ordinary care required of him under the circumstances presented.

 IV. It is the further contention of the defendant that the court committed error in setting forth in its instructions the detailed claims of the plaintiff, asserting that these claims as incorporated in the instructions were substantially as noted in plaintiff's petition. . The plaintiff's petition is not a long one and it would be difficult to set forth his allegations of negligence without incorporating in the main the statements found therein. In one of the later instructions the court made the statement that

the claims of the plaintiff and the defendant as set out in the instructions were not to be considered by the jury as evidence but were set forth solely for the purpose of advising them as to the issues in the case. This court has frequently condemned the copying of the pleadings into the instructions where issues there asserted were not substantiated by the evidence. However, we do not feel that such is the circumstance in this case. Because of the brevity of the pleadings and the limitation put upon them as noted by the restrictive instruction, to which reference has previously been made, we hold that there was no error in setting out the pleadings in the manner that the court did.

V. One of the instructions of which the defendant makes complaint is an instruction wherein the court incorporates a portion of Code section 5030.01 which relates to the circumstances under which a car might be stopped on a traveled highway. In connection with the comments relating to this particular instruction, and the statute in question, the defendant asserts that the court should have instructed relative to section 5030.02, which is as follows:

"Disabled vehicle. Section 5030.01 shall not apply to the driver of any vehicle which is disabled while on the paved or improved highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

In the instruction that was given relating to section 5030.01, the court further stated:

"If you find that the plaintiff has proved by the greater weight or preponderance of the evidence that at the time and place in question it was practical for the defendant to stop, park and leave his vehicle off the paved portion of said highway under the conditions then existing, then and in that event the defendant was guilty of negligence."

It will be observed in the last-quoted portion of the instruction that the court stated that it was incumbent upon the plaintiff to prove by a preponderance of the evidence that it was practical for the defendant "* * * to stop, park and leave his vehicle off the

paved portion of the highway under the conditions then existing
* * * ''

It is our judgment that the evidence did not justify the giving of any instruction relating to section 5030.02 in that there was no showing that the car was disabled. The evidence shows that at the time the car was stopped on the highway the tire was down or in the process of going down. There is no testimony that the motive power was in any way impaired. It is our judgment and conclusion that the instruction which placed the burden upon the plaintiff to show that it was practical for the defendant to park his automobile off the paved portion of the highway ''under the conditions then existing'' was sufficient to cover the circumstances that were present at the time in question.

We have given consideration to the other instructions of which complaint is made but we do not feel that there was error as suggested by the defendant. Upon a review of the whole record, it is our conclusion that the case was fairly and properly tried, that there was no error in the instructions given, and that the trial court should be affirmed.—Affirmed.

GARFIELD, HALE, OLIVER, BLISS, and MILLER, JJ., concur.