CHARLES TUHN, appellee, v. DR. GEORGE CLARK, appellant.

No. 47607.

(Reported in 41 N.W. 2d 13)

FEBRUARY 7, 1950.

Hutcheon & Pauley, of Jefferson, for appellant.

Luther M. Reading, of Jefferson, for appellee.

OLIVER, J.—This action is for damages for injuries to plaintiff and damage to his automobile which struck defendant's

automobile standing on Highway 17 in the country. The paved slab of this highway was twenty feet wide and at the place in question the dirt shoulder was nine feet wide and was level. Trial to a jury resulted in verdict and judgment for plaintiff for $2450 and this appeal by defendant.

Errors assigned are predicated upon the overruling of defendant's motions for directed verdict, for judgment notwithstanding verdict and for new trial. These motions were based upon the asserted insufficiency of the evidence of defendant's negligence and plaintiff's freedom from contributory negligence to warrant submitting these questions to the jury. Defendant contends also the verdict was excessive.

I. Several grounds of negligence pleaded by plaintiff were based upon the alleged violation by defendant of provisions of section 321.354, Code of Iowa, 1946. This section forbids leaving a vehicle standing upon the main traveled part of a highway when it is practical to leave it off such part. It requires the leaving of an unobstructed width of at least twenty feet of the part of the highway opposite the vehicle and that a clear view of the stopped vehicle be available from two hundred feet in each direction upon the highway.

Defendant testified: Sleet and snow were falling the evening of January 22, 1949. He drove his automobile from Churdan, Iowa, on Highway 17 several miles east to the place where the highway turns south. When he turned south his windshield wiper quickly stopped operating. He reduced his speed somewhat while traveling the first mile south. He "had to look through the ice." During the second mile he reduced the speed of his car to five or ten miles per hour. Ice on the windshield and the mist and fog in the air obscured his view so he "couldn't determine the highway." Occasionally he opened the left door and inspected the black line along the center of the highway. At the end of the second mile he became unable to see anything through the ice on the windshield and brought his automobile to a stop over the crest of a hill. He knew the car was on the concrete pavement but he could not see the shoulder.

He stepped out of the car and inspected the shoulder, intending to drive the car upon it and remove the ice from the windshield, heard plaintiff's car approaching from the north and

ran back of his car to flag it down. Plaintiff's car struck the rear of defendant's car not much more than a minute after defendant had stepped out of it.

Defendant concedes he stopped his car upon the pavement and there was evidence he stopped it a short distance south of the brow of a hill so that a clear view of it was not available from a point on the highway north two hundred feet. However, defendant contends his testimony shows conclusively his car was "disabled" so as to bring him within the exception of Code section 321.355 which provides section 321.354 shall not apply to the driver of a vehicle which is disabled while on the main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving it in such position.

Boger v. Kellner, 239 Iowa 1189, 1191, 33 N.W. 2d 369, 370, construed the word "impossible" in section 321.355 to mean "not reasonably practicable." The Boger case, Smith v. Pust, 232 Iowa 1194, 6 N.W. 2d 315, and Hayungs v. Falk, 238 Iowa 285, 295, 296, 27 N.W. 2d 15, 20, in which these statutes were considered, held the question of the negligence of the driver of the parked vehicle was for the jury. In Uhlenhopp v. Steege, 233 Iowa 368, 7 N.W. 2d 195, that question was submitted to the jury without an instruction on the disabled vehicle provision.

No decision of this court involving these statutes is factually directly in point. However, in no case called to our attention involving like statutory provisions has any court directed a verdict for the operator of a vehicle parked in a forbidden place who claimed that a disabled vehicle exception, predicated upon similar facts, immunized him from responsibility for such parking.

Dillon v. Sterling Rendering Works, 106 Colo. 407, 106 P. 2d 358, holds, where a motorist driving in fog and sleet stopped his automobile for the purpose of removing frost which covered the windshield the automobile was not "disabled" within the meaning of the exception to the statute in case of a "disabled" vehicle temporarily left on the paved portion of the highway.

In Cunningham v. Dills, 19 Wash. 2d 845, 852, 145 P. 2d 273, 277, defendant stopped his automobile while he got out to

wipe frozen fog from the windshield or determine his location on the highway. The decision states:

"This is not a case where the driver of the car was compelled to stop because the car had become disabled and unable to move. Appellant stopped his car because of weather conditions, with which he was familiar, and regardless of which he continued to proceed. * * * if one proceeds under such conditions, and then stops on the main portion of the highway and is run into by another user of the highway, we are of the opinion that the questions of whether or not such a driver was negligent, and whether or not such negligence was a proximate cause of the collision and resultant injury or damage to the driver of the other car, become questions of fact for the jury."

It quotes from Thornton v. Eneroth, 177 Wash. 1, 7, 8, 30 P. 2d 951, 954:

"True, he stopped when he could no longer see, but it was for the jury to say from all facts and circumstances whether this was not too late, and whether the car was so operated and so stopped upon the highway as to constitute negligence.

"* * * it may also be negligence to proceed until one's vision has been gradually, but completely, cut off, and then stopping on the highway, in the path of other vehicles necessarily traveling on that same side."

In Legere v. Tatro, 315 Mass. 141, 148, 52 N.E. 2d 11, 14, a vehicle stopped to remove snow accumulated on the windshield and headlights, was found not disabled within the meaning of the statute. The court pointed out, "This is not a case where the plaintiff was confronted with a sudden emergency."

Sidle v. Baker, 52 Ohio App. 89, 3 N.E. 2d 537, held a stop to remove snow and sleet which obscured vision was not an emergency stop within the exception of the statute. See also 5 Am. Jur., Automobiles, section 340; 60 C. J. S., Motor Vehicles, section 332. The record does not sustain defendant's contention that it conclusively shows he was within the exception provided in Code section 321.355.

II. Section 321.395, Code of Iowa, 1946, requires that a parked or stopped automobile exhibit a rear red light. The

petition alleged defendant's failure to do this. Plaintiff testified he saw the outline of an object which later proved to be defendant's car but saw no taillights. Defendant testified the taillights were lighted. Under this conflicting evidence the question whether defendant was negligent on this ground was one of fact for the jury.

III. Plaintiff testified it was dark, misting and a little rainy. He was driving his automobile south on Highway 17. He could see through the mist approximately fifty to sixty-five feet. As he came over the crest of the hill he saw the lights of an approaching car and at the same time his headlights revealed the outline of an object in the lane of traffic about forty to fifty-five feet ahead of him. This later proved to be defendant's car. Plaintiff "slammed" on his brakes and "figured" he had time to keep from hitting that object. His wheels slid on the pavement. The northbound car was approaching. He turned to the left in an attempt to get around the object before the northbound car "got up there," but was unable to avoid striking the rear of defendant's car. He saw no rear lights on it. After the accident plaintiff's car stood in the right lane of the pavement. Several minutes later it was pushed upon the dirt shoulder.

Defendant contends the evidence shows plaintiff violated section 321.285, Code of Iowa, 1946, the assured-clear-distance statute, and hence was guilty of contributory negligence as a matter of law. The applicable rule of law under the statute is thus stated in Central States Elec. Co. v. McVay, 232 Iowa 469, 473, 5 N.W. 2d 817, 820:

"* * * where a motorist, while in the exercise of ordinary care, unexpectedly comes upon a vehicle of which he is not aware and which is not lighted as required by law, and thereafter exercises such care in an attempt to avoid striking the vehicle, he is not to be held guilty of negligence as a matter of law in colliding with the obstruction."

Among decisions following that case are Uhlenhopp v. Steege, 233 Iowa 368, 373, 7 N.W. 2d 195, 198, where the stopped vehicle was lighted but was parked, in violation of what is now Code section 321.354; Semler v. Oertwig, 234 Iowa 233, 255, 12 N.W. 2d 265, 267; Prewitt v. Rutherford, 238 Iowa 1321, 1329, 30

N.W. 2d 141, 145; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1363, 1364, 29 N.W. 2d 204, 208. The rule of those cases is here applicable. Defendant does not directly assail it. He argues plaintiff's speed of thirty-five to forty miles per hour was negligent under the conditions. It is sufficient to say that was a question for the jury.

Nor was defendant entitled to a directed verdict upon the theory plaintiff's testimony of the distance in which his car could be stopped was less than the distance at which he first saw defendant's car. If these figures be considered in the light most favorable to plaintiff the result is contrary to that contended by defendant. Furthermore, the record shows they were merely expressions of opinion and what plaintiff "supposed" rather than statements of fact.

■■■ IV. Defendant complains the $2450 verdict was excessive. Plaintiff's medical bills were $110. His car was damaged in the sum of $566.73. Plaintiff was a farm laborer. He was earning about $1000 per year, plus board, room and laundry which he testified cost him $4.50 per day after the accident. He suffered a ruptured blood vessel in the knee which resulted in damage around his ankle and caused him to limp badly. His back and neck were injured causing him headaches. A doctor who attended him testified the injury to his knee and ankle was of the type that would cause much pain and would probably incapacitate him from work for about a year.

The verdict does not appear to be larger than plaintiff's expenditures plus the loss and probable future loss of his earnings. The refusal of the trial court to grant the motion for new trial on the ground the verdict was excessive was not an abuse of discretion. See Dunham v. Des Moines Ry. Co., 240 Iowa 421, 430, 431, 35 N.W. 2d 578, 583, 584.—Affirmed.

All JUSTICES concur.