WILLIAM E. REED, JR., appellee, v. RITA MARIA WILLISON,
administratrix of estate of FRANCIS LEONARD WILLISON,
deceased, appellant.

No. 48530.

(Reported in 65 N.W.2d 440)

July 26, 1954.

Tesdell, Tesdell & Miller and Herrick & Langdon, all of Des Moines, for appellant.

Paul W. Steward and A. B. Crouch, both of Des Moines, for appellee.

GARFIELD, C. J.—On July 3, 1952, shortly after midnight plaintiff's 1952 International truck collided with the rear of decedent's 1941 Ford car which was stopped on Fleur Drive south of the Des Moines city limits. Decedent died of injuries received in the crash. Plaintiff brought this law action for damage to his truck. Defendant, decedent's administratrix,

counterclaimed for damages for decedent's death and for damage to the Ford. Trial resulted in verdict and judgment for defendant, disallowing both plaintiff's claim and defendant's counterclaim. Defendant has appealed. The four errors assigned and argued assail instructions to the jury.

Fleur Drive is paved to a width of 45 feet and has four lanes. It is an arterial highway and in July 1952 traffic over U. S. Highways 65 and 69 was being detoured over it. Decedent, age 19, was accompanied by three other boys, ages 16, 17 and 18. Earlier in the evening the boys had attended a birthday party and then went to Lloyd's Drive-in, an eating place on Fleur Drive about 200 feet north of the scene of the collision. When they were ready to leave Lloyd's the starter on the Ford would not turn over the motor fast enough to start it. Decedent's three companions then pushed the car part way down an incline south of Lloyd's at the side of the pavement in an unsuccessful attempt to start the motor. They then pushed the car out onto the pavement headed south in the west lane.

Fleur Drive slopes downhill to the south for about 400 feet from Lloyd's. Decedent's three chums, with decedent at the steering wheel, pushed the car on the pavement about 150 feet down the hill in another unsuccessful effort to start the motor. Brakes were then applied, the car stopped and one of the boys (Richard Richardson) raised the hood and observed the cable from the battery was loose. He "wiggled" the cable in an attempt to tighten the connection. This caused headlights on the car to brighten and then grow dim.

The two other boys stood about two feet to the rear (north) of the car to try to warn southbound drivers of the presence of the Ford. After one vehicle from the north passed around the Ford to the east plaintiff's truck approached, struck the rear of the Ford and pushed it south about 150 feet to near the foot of the hill. The three boys on the pavement jumped to one side in time to avoid injury but decedent who had stayed in the car was partly thrown onto the pavement and never regained consciousness.

The above is a sufficient outline of the facts for the present. Other evidence will be referred to later.

I. The eighth instruction to the jury embodies the provision of section 321.354, Iowa Code, 1954, that "no person shall stop, park, or leave standing any vehicle * * * upon the paved * * * part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, * * *" and states that a violation of the statute by decedent would constitute negligence on his part.

Defendant complains of the failure to instruct with regard to Code section 321.355 which provides: "Section 321.354 shall not apply to the driver of any vehicle which is disabled while on the paved * * * portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

We think the complaint is without merit for two reasons. First, section 321.355 applies to a vehicle which becomes disabled while on the paved portion of a highway, not, as here, to one that was disabled beforehand and then pushed out onto the pavement in an attempt to start it. It appears there was similar trouble with this battery cable two days or so before the fatal collision. It is somewhat significant that when the boys went to the party early in the evening decedent parked his car at the top of a hill. In any event the car was just as much disabled when it was parked at Lloyd's as it was after it was pushed onto the pavement.

In the second place an instruction relative to section 321.355 would not have aided defendant. Section 321.354, quoted above so far as material, is not an absolute prohibition. It forbids stopping upon the paved part of a highway only when it is practical to stop off such part of the highway. The jury was so instructed. Under instruction 8 decedent could not have been found negligent in stopping on the pavement unless it was practical to stop elsewhere. Section 321.355 provides a statutory legal excuse for one who violates 321.354 where the vehicle is disabled while on the paved portion of the highway in such manner and to such extent that it is impossible to avoid stopping thereon.

We have held "impossible" in 321.355 should not be given a narrow, literal construction. To do so would almost nullify the statute. It means "not reasonably practicable."

Heidebrink v. Messinger, 241 Iowa 1188, 1192, 44 N.W.2d 713, 715, and citations; Tuhn v. Clark, 241 Iowa 441, 443, 41 N.W.2d 13, 14, 15 A. L. R.2d 903, 907, and annotation 909, 911.

Thus if the jury had been instructed with regard to 321.355 it would have been told in substance, aside from the question of disablement while on the pavement, that decedent was not required to stop his car off the pavement if it was not reasonably practicable to do so. Except that this would have added the word "reasonably" the meaning and effect of instruction 8 would not have been substantially changed to defendant's advantage by an instruction upon section 321.355. (We realize there is some difference in meaning between "practicable" and "practical.") A finding that 321.354 was violated would still require a finding it was practical or practicable not to stop on the pavement. Uhlenhopp v. Steege, 233 Iowa 368, 374, 7 N.W.2d 195, 198, 199, furnishes some support for our conclusion.

II. Instruction 7 told the jury that if it found decedent's automobile did not display a red light on its rear as required by statute, at and just before the time of the accident, he would be negligent. Error is assigned in failing to instruct upon the question of legal excuse for a violation of the statutory requirements as to rear light (sections 321.387, 321.395).

Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, which has been repeatedly followed (see Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372), holds the violation of a statute is not negligence if any of these legal excuses be shown therefor:

1. Anything that would make it impossible to comply with the statute.

2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute.

3. Where the driver is confronted by an emergency not of his own making and by reason thereof fails to obey the statute.

4. Where a statute specifically provides an excuse or exception.

It is not claimed defendant was entitled to the statutory excuse or exception stated in section 321.396 for violation of the requirement as to rear light found in 321.395. That is, defendant

does not claim an accident extinguished the rear light. Defendant's requested instruction 4 embodies the first and second excuses set out in Kisling v. Thierman, supra, but does not refer to the third or fourth. Her objections in the trial court to the instructions (No. 7 in particular) complain that they fail to embody request No. 4. However, defendant's main argument in chief here upon this assigned error is that the jury should have been instructed upon the third legal excuse stated above—that decedent was confronted with an emergency not of his own making which caused the rear light to fail, if there was such failure.

█ It is apparent defendant is thus asserting here a ground of objections to the instructions not made in the trial court. This is not permissible. Rule 196, Rules of Civil Procedure; Young v. Marlas, 243 Iowa 367, 377, 378, 51 N.W.2d 443, 449; Clayton v. McIlrath, 241 Iowa 1162, 1170, 44 N.W.2d 741, 746, 27 A. L. R.2d 307; Nichols v. Kirchner, 241 Iowa 99, 104, 105, 40 N.W.2d 13, 17, and citations. See also Turner v. Zip Motors, Inc., 245 Iowa 1091, 65 N.W.2d 427.

██ If decedent's rear light was not burning at the time of the collision we find no substantial evidence to support a finding that such condition was caused by something that made it impossible to comply with the statute, or over which decedent had no control or, we may add (although defendant is not entitled to raise the point for the first time here), by an emergency not of decedent's making. Before the question of legal excuse may be submitted to a jury of course there must be substantial evidence to support an affirmative finding thereon.

█ Kisling v. Thierman, supra, 214 Iowa 911, 915, 243 N.W. 552, 554, says, relative to the violation of a statute, "If, however, he fails to furnish proof of such legal excuse * * * negligence is established as a matter of law." See also Semler v. Oertwig, 234 Iowa 233, 256, 12 N.W.2d 265, 276; Sanford v. Nesbit, 234 Iowa 14, 19, 11 N.W.2d 695, 698; Fraser v. Brannigan, 228 Iowa 572, 580, 293 N.W. 50; Young v. Hendricks, 226 Iowa 211, 215, 216, 283 N.W. 895.

If decedent's rear light was not burning just before the collision the only explanation for such condition that has substantial support in the testimony is the loose battery connection

which prevented starting the motor. It may be conceded, without so deciding, that if such condition or the effect thereof was discovered while the car was being driven on the pavement there would be evidence of a legal excuse for failure of the rear light. However, as explained in Division I hereof, decedent must have known of the trouble with this battery connection and an attempt was made to remedy it before the car was pushed out onto the heavily traveled pavement. We think the circumstances negative the existence of a legal excuse for failure, if there was such, of the rear light. Authorities cited last above lend support to this conclusion.

■ III. By amendment to her counterclaim filed the day of the trial defendant alleged an added ground of negligence against plaintiff—in failing to have lights that would reveal an object 350 feet ahead. Defendant requested an instruction that the law requires motor vehicles in use at night to display headlights sufficient to reveal persons and vehicles at least 300 (350) feet ahead (see Code section 321.410), and if plaintiff failed to comply with this requirement he would be negligent. Refusal of this request is assigned as error.

It is admitted plaintiff's headlights were burning. Plaintiff testifies his truck (a 1952 model) was in perfect condition and his lights were working all right. The two boys at the rear of decedent's car say they saw plaintiff's headlights as the truck approached. One of these boys testifies the truck was on the second hill to the north when he first saw its lights. Defendant claims, however, the jury could properly find plaintiff's lights were insufficient to reveal persons and vehicles at a distance of 350 feet. Principal basis for this is testimony of plaintiff and his 14-year-old son who accompanied him that they did not see the Ford until they were about 15 feet from it—too late to avoid striking it.

■ We think this circumstance insufficient to warrant submission of this added charge of negligence. Of course the burden rested on defendant to prove this allegation by a preponderance of the evidence. A finding plaintiff was negligent in this respect would be based mainly on speculation and conjecture. Grover v. Neibauer, 216 Iowa 631, 247 N.W. 298, furnishes some support for our conclusion. More closely in point

are Ceccacci v. Garre, 158 Ore. 466, 474, 76 P.2d 283, 287, and Roederer's Administratrix v. Gray, 253 Ky. 669, 672, 69 S.W.2d 998, 999 ("* * * the mere fact that the driver does not see the vehicle is not evidence of insufficient lights.").

We are cited to no authority which supports this assigned error. Daggy v. Miller, 180 Iowa 1146, 1149–1151, ·162· N.W. 854, principal decision defendant cites, is plainly distinguishable. There it was conceded the lights on the Miller car were weak and defective, there was evidence they were not burning at all and because of the condition of its lights it was closely followed by another automobile which lighted the road for both cars. We held it was a question for the jury whether the Miller car was equipped with sufficient lights.

The court submitted to the jury five charges of negligence made against plaintiff in the counterclaim. Among them were failure to keep a proper lookout and to drive at a speed at which he could stop within the assured clear distance ahead. In a case generally like this on the facts we said, "* * * if the negligence of Oertwig in any of the respects pleaded was the proximate cause of this collision, it would seem to have been his failure to maintain a proper lookout or to comply with the assured-clear-distance requirement as to speed." Bonnett v. Oertwig, 234 Iowa 864, 868, 14 N.W.2d 739, 742.

IV. Defendant's remaining claim to a reversal is based on submission to the jury of a charge plaintiff made that decedent was negligent in pushing his automobile from a place of safety onto the pavement when he knew, or in the exercise of ordinary care should have known, it had a dead battery, would be unable to display lights and was without motive power. The principal complaint against the instruction is that it submits an issue that has no substantial support in the evidence. Of course this may not be done.

We think, however, the jury could properly find decedent was negligent in the above respect and it was not error to submit this specification. Perhaps there is no evidence, strictly speaking, that decedent's battery was dead. However, defendant's witness Richard Richardson testifies fully the cable leading from the battery was loose. It is without dispute the motor would not

start. There is clearly sufficient evidence the car was without lights, especially a taillight.

From a practical standpoint a battery is quite as ineffective as if dead when the connection from it is so loose the motor will not start nor the lights function. If the motor failed to start and the lights to function it is not very material whether the cause was a dead battery, as alleged, or a loose connection therefrom. The reference in the instruction to a dead battery rather than to a loose battery connection, although perhaps not entirely accurate, was not sufficiently prejudicial to warrant a reversal. See as somewhat in point Pierce v. Heusinkveld, 234 Iowa 1348, 1350, 1351, 14 N.W.2d 275, 277.

The foregoing makes it unnecessary to determine plaintiff's contention that decedent was contributorily negligent as a matter of law and therefore the claimed errors above considered were without prejudice to defendant.—Affirmed.

All JUSTICES concur.