JOSEPH M. and MARGUERITE M. COPPOLA, husband and wife, appellants, v. SINCLAIR REFINING COMPANY, appellee.

No. 51099.

(Reported in 131 N.W.2d 270)

NOVEMBER 17, 1964.

Joseph M. Coppola and William J. Trout, both of Des Moines, for appellants.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellee.

MOORE, J.—November 30, 1959, a driver for defendant, Sinclair Refining Company, who had an order to deliver fuel oil to 1353 Twenty-fourth Street, mistakenly delivered the oil to 1353 Twenty-third Street, Des Moines, which was a fourplex owned by plaintiffs Joseph M. and Marguerite M. Coppola. Marie Earl, mother of Mrs. Coppola, lived there and was manager of the apartments.

The oil was delivered through an oil fill pipe which extended through the basement wall and appeared to be a normal oil fill pipe. Its hinged cap was not locked. When the heating system was converted to gas in 1956, Mr. Coppola instructed a sector of the oil fill pipe be removed inside the basement. The vent line from the tanks to the outside and the line to the furnace were disconnected. The oil tanks had not been removed or emptied and over 300 gallons of oil remained in the tanks after the conversion.

Upon discovery he had dumped approximately 468 gallons of fuel oil into the basement of plaintiffs' property the driver so informed defendant. Sinclair immediately sent other employees to plaintiffs' premises and cleaned out the oil. They used chemical absorbent agents and scrubbed the basement. Defendant also hired an expert to chemically deodorize the basement.

November 21, 1961, plaintiffs filed their petition in two counts asking damages against defendant. Count I was for

damages to their premises and building. Count II was for damages to Mrs. Earl as a result of discomfort and illness alleged to have been caused by obnoxious fumes, smells and odors from the oil. She had assigned her claim to Mr. Coppola. Each count alleged the elements of a negligence action, including defendant's negligence. Plaintiffs alleged freedom from contributory negligence in Count I and made such an allegation as to Mrs. Earl in Count II.

The trial court's instructions followed plaintiffs' pleadings which were not changed. We assume the issues submitted had some evidentiary support. The record as to evidence is abbreviated and limited to the issues raised here.

Plaintiffs' attorney objected to the trial court's reference to contributory negligence on the grounds the entire case was tried on the theory of nuisance and that under the law contributory negligence was not a defense.

The objection is difficult to understand. Plaintiffs pleaded freedom from contributory negligence. No motion was made to withdraw this element nor was the court asked to instruct it had been established as a matter of law. The pleadings made no reference to nuisance or the elements of such an action.

Thus it is not surprising plaintiffs' new attorney does not argue here the theory of nuisance. He is burdened with a record not made by him in the trial court.

I. Plaintiffs now contend defendant's driver was a trespasser and for the first time argue freedom from contributory negligence was not an element of their case. This contention comes too late.

Rule of Civil Procedure 196, as pertinent here, provides:

"All objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."

Rule 196 has been approved and applied by us on many occasions. We have consistently held a party is not permitted to assert a ground of objections not made to the trial court. Young v. Marlas, 243 Iowa 367, 51 N.W.2d 443; Slabaugh v.

Eldon Miller, Inc., 244 Iowa 29, 55 N.W.2d 528; Reed v. Willison, 245 Iowa 1066, 65 N.W.2d 440; Mongar v. Barnard, 248 Iowa 899, 82 N.W.2d 765.

In Wilson v. Kouri, 255 Iowa 348, 352, 353, 122 N.W.2d 300, 302, where plaintiff-appellant asserted a contention not made in exceptions to instructions, we say:

"The criterion is whether the exception taken alerted the trial court to the error which the appellant is now urging. Appellant has gone one step beyond the exception taken to the instruction prior to its submission to the jury. The important part of the contention now urged by appellant was not mentioned in the exception. The exception was of no assistance to the trial court as to the matter now argued."

Nothing in the exception taken alerted the trial court of any claim defendant's driver was a trespasser. It may not be considered here.

II. Plaintiffs' other assigned error is that interlineations and different shaded ink used in the instructions resulted in prejudice to them.

We have carefully examined the set of instructions submitted to the jury and find no interlineations. Several changes and additions made by the trial court are in different colored type but none indicates any prejudicial emphasis.

Kinyon v. Chicago & N.W. Ry. Co., 118 Iowa 349, 363, 92 N.W. 40, 45, 96 Am. St. Rep. 382, states:

"The further objection made by appellant that this instruction was given to the jury in writing, while the remainder of charge was printed upon a typewriter, we think, without merit. It is a matter of everyday occurrence in the trial courts that, after instructions have been put in form upon the typewriter, errors and omissions are discovered, and proper corrections are made in writing with pencil or pen; and it requires considerable ingenuity to discover any prejudice arising from it, unless it be to the patience of the jury in deciphering the manuscript additions."

This assigned error is without merit.

The judgment is affirmed.—Affirmed.

All Justices concur except HAYS, J., not sitting.