Donald R. HAMILTON and Betty
Hamilton, Plaintiffs-Appellants,

v.

Royce A. LUCKEY, Apple Lines, Inc., A.
& R. Trucking Co., and Alden K.
Allen, Defendants-Appellees.

No. 2–64523.

Court of Appeals of Iowa.

Nov. 24, 1981.

Larry F. Scalise and Thomas J. Levis, Des Moines, for plaintiffs-appellants Hamilton.

Henry J. Harmon of Grefe & Sidney, Des Moines, for plaintiff-appellant Mid-American Lines.

Bartley Law Offices, Iowa City, for defendant-appellee Apple Lines.

David J. Charles of Gamble, Riepe, Burt, Webster & Davis, Des Moines, for all other defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON, CARTER, SNELL, and JOHNSON, JJ.

SNELL, Judge.

Plaintiffs appeal from a jury verdict for defendants in an action brought to recover damages for personal injuries and property damage resulting from an accident involving two semitrailers. As a result of the collision, several lawsuits and counterclaims were filed.[1] The separate actions were consolidated for trial. The plaintiffs-appellants are Donald R. Hamilton, Betty Aileen Hamilton and Mid-American Lines, Inc., and the defendants-appellees are Royce A. Luckey, Apple Lines, Inc., Alden K. Allen

and A & R Trucking Company.[2] Reference to any particular appellant or appellee includes those unnamed parties of similar interest, unless the context in which reference is made clearly indicates otherwise.

The accident between Luckey's parked semitrailer and Hamilton's semitrailer occurred in the early morning hours of February 14, 1977. Around midnight, approximately four hours prior to the accident, Royce Luckey was driving his rig west on Interstate 80, near the Brooklyn, Iowa, interchange when it lost all motive power. Luckey coasted past the interchange and stopped the semi by applying the brakes on the right shoulder of the highway. After inspecting it, Luckey concluded repairs were beyond his capabilities. He waited for assistance. A state trooper stopped shortly after midnight and transported Luckey to a nearby truck stop. There Luckey contacted a towing service and arranged to have his disabled rig towed to a service center. However, the towing service indicated it would not be able to give assistance until between 4:00 and 6:30 a. m. of that morning. Luckey then hitched a ride with another truck driver, arriving at his semitrailer at approximately 2:30 a. m.

Around 4:40 a. m., Hamilton's semitrailer collided with the left rear of Luckey's semitrailer. Hamilton claimed the collision was caused by Luckey's failure to completely remove his disabled semi from the traveled portion of Interstate 80 and by Luckey's failure to effectively warn oncoming traffic of the potentially hazardous position of the vehicle. Luckey claims the collision was caused by Hamilton's failure to safely operate his semi. The jury returned a verdict in favor of defendants-appellees.

---

1. Mid-American Lines, Inc., sued Apple Lines, Inc., Alden K. Allen, A & R Trucking and Royce A. Luckey for property damage. Donald R. Hamilton and his wife sued Apple Lines, Inc., Alden K. Allen, A & R Trucking, and Royce A. Luckey for personal injuries. Thereafter, in either counterclaims or separate suits, Alden K. Allen, A & R Trucking, Apple Lines, Inc., and Royce A. Luckey sued Mid-American Lines, Inc., for property damage. Finally, Royce A. Luckey sued Mid-American Lines, Inc., for personal injuries.

2. The relationship between the parties is as follows. The semitrailer driven by Donald Hamilton was owned by Mid-American Lines, Inc. The tractor driven by Royce Luckey was owned by Alden Allen, who leased it to A & R Trucking Company. A & R Trucking Company is a partnership between Alden Allen and Royce Luckey. A & R Trucking leased the tractor to Apple Lines, Inc. Apple Lines, Inc., owned the trailer that was being pulled by the tractor Luckey was driving.

■ Each of the issues presents a question of the sufficiency of evidence to support various instructions the court gave to the jury. Our review is on errors assigned. Iowa R.App.P. 4; see *Dobson v. Jewell*, 189 N.W.2d 547, 553 (Iowa 1971). We view the evidence in a light most favorable to the appellee Luckey. To sustain the court's submission of an issue to the jury, there must be substantial evidence in the record to support the instruction given to the jury. *Wroblewski v. Linn-Jones FS Services Ind.*, 195 N.W.2d 709, 711 (Iowa 1972).

Appellants initially argue the court committed reversible error by instructing the jury on the availability of a statutory excuse for failure to fulfill a statutory obligation when there was no evidence in the record to support excuse as a defense. The first paragraph of Instruction 9, which incorporates portions of section 321.354, The Code 1979, instructed the jury that if a person leaves any vehicle upon the paved or main traveled portion of a road, when removing the vehicle from the traveled portion of the road is practical, that person is negligent as a matter of law. Paragraph two of Instruction 9, which incorporates portions of section 321.355, The Code 1979, refers to the availability of an excuse for failure to comply with the duty described in paragraph one of Instruction 9. Under that instruction, appellee Luckey is excused from negligently failing to completely remove his vehicle from the traveled portion of a road when the vehicle "is disabled while on the paved or main traveled portion of a highway in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such a position." Appellants maintain there was no evidence the defendants' truck was so disabled as to make it impossible to completely remove the truck from the traveled portion of the highway. Their position is that the appellees voluntarily stopped the semi on the highway while it still had sufficient momentum to be completely removed from the traveled portion of the road. Therefore, the appellees' negligence, rather than their semi's disability, was the sole reason it was not removed from the traveled portion of the highway.

■ The cases cited as authority for appellants' position are distinguishable. *Uhlenhopp v. Steege*, 233 Iowa 368, 7 N.W.2d 195, (1942), and *Smith v. Pust*, 232 Iowa 1194, 6 N.W.2d 315 (1943), deal with factual situations where the "disabled" vehicle could have been removed from the traveled portion of the road under its own motive power. The vehicles in those cases were not disabled in the sense they could not be moved. Luckey's semi, on the other hand, became totally disabled while on the highway in the sense that once it was stopped it could not be moved without the assistance of some form of towing. Neither does *Reed v. Willison*, 245 Iowa 1066, 65 N.W.2d 440 (Iowa 1954), advance appellants' argument. In *Reed* a car with a dead battery was pushed onto the highway down an incline in an attempt to start it. The supreme court held the trial court correctly refused to give an instruction on legal excuse. Section 321.355 applies to a vehicle which becomes disabled while on the paved portion of the highway, not to one that is disabled before being pushed onto the highway. *Reed* is factually different and irrelevant on this issue.

■ The supreme court also noted in *Reed* that the word "impossible" in section 321.355 should not be given a narrow, literal construction. It means "not reasonably practicable." From this, appellants argue that appellee Luckey was not entitled to an instruction on legal excuse because it was practicable for him to coast his rig off the highway. But to adopt this argument would give a narrow, literal construction to "practicable." Thus, if Luckey braked his coasting rig too soon so it was not completely off the highway, he would lose the benefit of the legal excuse since it might have been practicable to coast the rig farther. We decline to apply such a construction to the statute.

■ The court also observed in *Reed* that an instruction on legal excuse pursuant to section 321.355 would not have substantially

aided defendant because the jury could determine defendant was negligent under section 321.354 only by finding it was practicable not to stop on the pavement. Conversely, in the case at bar, the aid to appellee Luckey given by the instruction on excuse under section 321.354 is not critical. We hold no error occurred by giving this instruction.

■ Appellants also contend the court committed reversible error by instructing the jury on the availability of a legal excuse for Luckey's failure to exhibit a red light visible from a distance of 500 feet to the rear of the trailer. Essentially, Instruction 10 provided that failure to have a red light visible from 500 feet behind a vehicle parked on a roadway constituted negligence. Instruction 17 provided a legal excuse for failure to comply with the duty described in Instruction 10, if it was impossible to comply or the driver was confronted with an emergency not of his own making which caused the failure to comply with the duty. Appellants' position is the record indicates Luckey's electrical problem at most excused him from continuously operating his flasher unit but did not excuse him from continuously operating any light that would be visible from 500 feet behind. Since the duty imposed by Instruction 10 concerned only taillights and there was no evidence in the record of impossibility or emergency preventing Luckey from operating the taillights, appellants claim Instruction 17 provided a legal excuse when there was no support for it in the record.

Uncontradicted testimony shows, however, that the reason for not operating the rear lights, or any lights but the intermittent use of the flashers, was to prevent undue drain on the alternator which, if allowed to occur, would burn it out. There was testimony an electrical malfunction affected the entire electrical system of Luckey's semi and not just the flasher unit. Thus, appellants' contention Instruction 10 and 17 were unsupported by evidence in the record is without merit.

■ Appellants' final contention is the trial court should not have given Instructions 12 and 14, on the issue of Hamiltons' negligence for failure to reduce his speed to a reasonable rate when approaching warning reflectors and for traveling at a rate of speed exceeding the posted limit. Appellants assert there was insufficient evidence in the record to support these instructions. In resolving that issue, we view the evidence in the light most favorable to appellee Luckey. *Walker v. Sedrel*, 260 Iowa 625, 149 N.W.2d 874, 878–79 (1967). Further, more than a scintilla of evidence is needed for a court to properly instruct the jury on a certain issue. *Wardlow v. City of Keokuk*, 190 N.W.2d 439, 447 (Iowa 1971). Here we find there was substantial evidence in the record to support the giving of Instructions 12 and 14. Although there was no direct evidence of Hamilton's speed immediately prior to the accident, there was circumstantial evidence, which is competent evidence. *See Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 649 (Iowa 1969); *Brown v. Guiter*, 256 Iowa 671, 128 N.W.2d 896, 901 (1964). Appellant Hamilton testified he generally attempted to maintain a speed just under sixty miles per hour and had averaged 55.62 miles over the entire length of the trips, including some city driving. There was no evidence he applied his brakes before the collision. The aggregation of facts creates a situation from which reasonable minds could draw differing conclusions as to whether Hamilton was operating his vehicle at an excessive rate of speed or failed to maintain a proper lookout or control his vehicle. Such is all that is needed to support giving a specific instruction. *See Bradt v. Grell Construction, Inc.*, 161 N.W.2d 336, 340 (Iowa 1968).

AFFIRMED.

All judges concur except OXBERGER, C.J., who dissents.

OXBERGER, Chief Judge (dissenting).

I do not believe that the defense of legal excuse should be available to a person whose negligence creates the dangerous situation that gives rise to that defense. In

this case, the defendant was negligent when he did not coast his semi completely off the highway. He misjudged the distance needed for his semi to clear the traveled portion of the highway, and he thus let the trailer extend into the path of oncoming traffic. Defendant's initial statutory duty to remove his vehicle from the highway when his semi had the power to do so does not disappear just because the semi then had mechanical failure. In *Bangs v. Keifer*, 174 N.W.2d 372, 376 (Iowa 1970), the court held that one whose own negligence has caused or contributed to a situation which makes it impossible for him to obey the law may not rely upon such conduct as a basis for invoking the legal excuse doctrine.

I also do not believe that defendant's fear that his alternator would burn out if he used his flashers continuously is adequate justification and legal excuse for his failure to keep the flashers on. The choice between safety to the travelers on I-80 that night and keeping the alternator from burning out is really no choice at all—lives cannot be replaced, while alternators can be.

I would reverse and remand for a new trial.