HENRY BOGER, Appellee, v. CARL W. KELLNER, Appellant.

No. 47232.

(Reported in 33 N. W. 2d 369)

AUGUST 2, 1948.

REHEARING DENIED OCTOBER 22, 1948.

Page & Nash, of Denison, for appellant.

E. A. Norelius, of Denison, for appellee.

OLIVER, J.— The one error argued is based upon the contention plaintiff was guilty of contributory negligence as a matter of law in parking and leaving his automobile upon the highway and therefore defendant's motions for directed verdict and for judgment notwithstanding the verdict should have been sustained. In considering the sufficiency of the proof of freedom from contributory negligence the record will be viewed in the light most favorable to plaintiff.

The accident happened in the evening. Plaintiff was driving his automobile alone, traveling west on a paved highway. The over-all width of the paved slab, including the curbs or gutters, was eighteen feet. The dirt shoulder on each side was about six feet wide. Plaintiff's motor developed trouble and he stopped at the brow of a long slope to examine it. Being unable to start it he coasted it down the slope in gear with the clutch engaged from time to time.

Failing to start the motor by this method plaintiff coasted over upon the right shoulder of the highway "as far as I could get it" but the momentum was not sufficient to carry the left wheels of the car over the curb and entirely off the pavement. "It wouldn't roll up there any more." The left side of the car extended about one foot over the right edge of the pavement. Its taillight was lighted. The place where it stopped was opposite a farmhouse. Unable to get help there plaintiff signaled and stopped an eastbound car. That car then started east preparatory to turning round to push plaintiff's car. At that moment defendant's westbound automobile struck the left rear of plaintiff's parked car. Plaintiff, standing in front of his car, received serious injuries.

Section 321.354, Code of Iowa, 1946, provides in part:

"* * * no person shall stop, park, or leave standing any vehicle * * * upon the paved * * * part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway * * *."

Section 321.355, provides:

"Section 321.354 shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

The foregoing provisions are substantially those of the Uniform Motor Vehicle Act.

Defendant contends plaintiff violated these statutes. The first stop made by plaintiff at the top of the incline did not directly contribute to the accident. Although plaintiff was unable to start the motor after this stop he did remove the car by coasting it down the slope. Defendant argues the car should have been turned upon the shoulder before its momentum was so nearly spent in attempts to start the motor, or that it should have been turned to the left across the pavement and into a driveway, instead of to the right and upon the shoulder.

 Plaintiff was not required to remove the car to a particular place or by a particular method. He had the right to start his motor and proceed on his journey. His car stopped partly upon the pavement because its momentum was insufficient to propel it over the curb and through a hole or rut on the dirt shoulder. The failure to clear the pavement was not voluntary. Whether it was negligent was a question for the jury.

 When the car stopped it was, of course, disabled. Code section 321.355 provides the preceding section shall not apply when a car is so disabled it is impossible to avoid stopping and temporarily leaving it in such position. The word "impossible" as used in this statute should be given a practical construction. Capital Motor Lines v. Gillette, 235 Ala. 157, 160, 177 So. 881, 883. A literal construction would almost nullify the statute. The word may be construed to mean "not reasonably practicable." Geisen v. Luce, 185 Minn. 479, 483, 242 N. W. 8, 10. The word "temporarily" indicates the statute contemplates the removal of the disabled vehicle with all reasonable expediency.

Smith v. Pust, 232 Iowa 1194. 6 N. W. 2d 315, held the question whether defendant's parked car was within the protection of the disabled vehicle statute was for the jury, under

the record in that case. Uhlenhopp v. Steege, 233 Iowa 368, 7 N. W. 2d 195, held failure to instruct on the disabled vehicle part of the statute was not error. In each case defendant's car had stopped to change a tire. In Hayungs v. Falk, 238 Iowa 285, 296, 27 N. W. 2d 15, 20, defendant's car struck the rear of a truck stopped by motor failure. There efforts had been made to start the motor of the truck before its removal was attempted. The case holds, without extended discussion, that the question of the violation of Code sections 321.354 and 321.355 was for the jury, and the driver of the parked truck was not guilty of contributory negligence as a matter of law.

Defendant contends plaintiff could have pushed the car off the pavement and his failure to do so violated the statute and constituted negligence. The record shows the right side of the car was in a hole or rut in the shoulder of the highway, the left wheels were in the gutter, and it was questionable whether plaintiff could have pushed it off the pavement. See Geisen v. Luce, 185 Minn. 479, 242 N. W. 8. By special verdict submitted at the request of defendant the jury found it was impossible for the car to have been moved off the pavement before the accident.

The statute does not require the employment of any particular method in attempting the removal of a disabled vehicle. When plaintiff's car stopped he immediately sought assistance and in a few minutes had arranged for another automobile, then at the place, to push it. The record shows his efforts to secure the removal of his car were prompt and active and but for the accident probably would have been immediately successful. It does not support defendant's contention that plaintiff's conduct was, as a matter of law, insufficient to bring him under the protection of section 321.355.

We hold the trial court did not err in submitting to the jury the question of plaintiff's contributory negligence.—Affirmed.

All JUSTICES concur.