ROLAND MCBETH, appellee, v. MERCHANTS MOTOR FREIGHT, INC., appellant.

No. 49065.

(Reported in 79 N.W.2d 303)

November 13, 1956.

Rehearing Denied January 18, 1957.

Walters, Bump & Jordan, of Des Moines, for appellant.

Mike Wilson and Patrick D. Kelly, both of Des Moines, for appellee.

OLIVER, J.—Plaintiff brought action for damages to his truck-trailer with which defendant's truck-trailer collided. Trial to the court resulted in judgment for plaintiff and this appeal by defendant.

Appellant's brief does not contain an assignment of errors. It states, merely, the following issues were raised in the trial: Was there competent evidence (1) to sustain the finding of plaintiff's freedom from contributory negligence; (2) as to the value of plaintiff's tractor unit "to allow the court to take judicial notice that the cost of repairs did not exceed the value" thereof; (3) as to the cost of repairs; (4) to sustain the finding of defendant's negligence? Each of the four divisions of appellant's brief is devoted to one of these questions. Although the brief does not comply with the requirements of Rule of Civil Procedure 344(a)(3), the questions will be determined. Under the established rule the evidence will be considered in the light most favorable to plaintiff.

Plaintiff's heavy tractor-trailer, loaded with steel, was en route from Chicago to Des Moines on Highway 6, which has a paved slab 22 feet wide. West of Grinnell a blizzard obscured the view and covered the pavement with snow and ice. The driver turned the tractor-trailer around and started it east, to return to Grinnell. Apparently because of moisture in the distributor, the engine began to miss and sputter and soon went dead. The icy condition of the pavement and six-inch high curbing thwarted the driver's attempts to turn the slowing vehicle from the pavement to the right shoulder and it stopped with its right wheels against the curb on the upward slope of a hill, about the middle of the slope and five or six hundred feet from the crest. This left open for traffic all the left (north) half of the pavement plus about three feet of the right half.

It was then about 4 a. m. The driver set out flares and at daybreak placed warning flags, one on the top of the hill, in front, one at the trailer and one 150 feet to the rear. In the meantime he tried to start the engine and to dry the distributor so it would function. Travel upon the pavement was blocked by snow and ice and no vehicles appeared until after a snow-

plow passed at about 11 a. m. Shortly thereafter defendant's truck-trailer came over the crest of the hill, traveling west, at a speed of about 15 or 20 miles per hour. "It went into a jack-knife after it came over the hill, and then slid all the way down the hill, 500 feet into my (plaintiff's) tractor unit." A witness testified a "jackknife" occurs when the trailer swings around and travels ahead of the truck.

■ ■ I. Appellant asserts plaintiff's driver was guilty of contributory negligence as a matter of law in stopping the vehicle upon the paved part of the highway, in violation of section 321.354, Code of Iowa, 1950 (1954). However, section 321.355 provides the preceding section shall not apply when the vehicle is so disabled that it is impossible to avoid stopping and temporarily leaving it in such position. We have interpreted the word impossible, as there used, to mean "not reasonably practicable." Boger v. Kellner, 239 Iowa 1189, 1191, 33 N.W.2d 369, 370; Heidebrink v. Messinger. 241 Iowa 1188, 1193, 44 N.W.2d 713. These cases, and authorities in general, hold that where, under similar conditions, the failure to remove the disabled vehicle from the pavement is not voluntary, such failure does not constitute negligence as a matter of law. See annotation in 15 A. L. R.2d 909. We so hold in the case at bar.

■ II. The judgment was for $739.71 for 'repairing the truck and $43.26 for towing charges. The court found its previous value exceeded the cost of repairs. Appellant complains there was no competent evidence of this "so as to allow the court to take judicial notice of it." There was no evidence of its dollar value, in so many words. However, the record shows the truck-trailer was large, regularly transported heavy loads from Des Moines to Chicago and return three times per week, and its rental value was $12.50 per day plus eleven cents per mile for expenses. Upon this basis the annual rental value would greatly exceed the cost of repairs. The proof of value might well have been more definite but we conclude it was sufficient to support the finding of the trial court. It was stronger than in Fischer v. Hawkeye Stages, 240 Iowa 1203, 1212, 37 N.W.2d 284; Uhlenhopp v. Steege, 233 Iowa 368, 371, 372, 7 N.W.2d 195.

■ III. Appellant asserts there was no competent evidence

as to the cost of repairs because the witness was not qualified as an expert. This witness had worked on the repair job as a mechanic and at the time of the trial was assistant foreman of the repair shop. The evidence showed the collision resulted in damage to the front end of plaintiff's truck and both fenders and the grille were smashed. The itemized repair bill showed replacement of and repair to these parts. The work was done on a cost-plus basis. Whether the witness was qualified to testify to the charges and that the same were reasonable was a question resting largely in the judicial discretion of the trial court. Grismore v. Consolidated Products Co., 232 Iowa 328, 342, 5 N.W.2d 646. No abuse of such discretion appears here.

IV. Was there competent evidence of defendant's negligence? The record shows defendant's driver knew of the slippery condition of the ice covered pavement. It is conceded he lost control of the truck and it slid down the left lane of the pavement and struck the front of plaintiff's parked truck.

However, defendant contends such loss of control was due to an emergency caused by the movement of a third truck, an eastbound Chevrolet. The driver of that truck testified he started to drive it over into his left (north) lane to pass plaintiff's truck from the rear, but saw defendant's truck come over the crest of the hill 700 or 800 feet ahead and stopped his Chevrolet truck. He saw defendant's truck jackknife and start down the hill, out of control. He immediately backed his Chevrolet 50 or 100 feet to the rear of plaintiff's truck, parked it upon the south shoulder of the highway and then heard the noise of the collision. The driver of defendant's truck did not testify. The relief driver testified, "this other truck looked like he was going to pull out into our lane."

Whether the evidence of an "emergency" was sufficient to make that claimed defense a question of fact need not be determined. It is clear such claimed defense was not established as a matter of law. Luppes v. Harrison, 239 Iowa 880, 884 to 887, 32 N.W.2d 809, 812, 813. The trial court found the proximate cause of the collision was the negligence of the driver of defendant's truck in driving it over the brow of the hill and starting down the west slope at an excessive rate of speed, under

the circumstances, and in failing to have it under control. This finding is supported by substantial evidence.—Affirmed.

BLISS, GARFIELD, LARSON, PETERSON, SMITH, and WENNERSTRUM, JJ., concur.

THOMPSON, C. J. (specially concurring)—I concur in the result reached by the majority opinion, and with the reasoning therein except as to Division II, with which I am unable to agree.

In Uhlenhopp v. Steege, 233 Iowa 368, 371, 372, 7 N.W.2d 195, we held that we would take judicial notice that the value of a Plymouth automobile, about one year old at the time of the accident, was in excess of the sum of $253.24, the amount of the necessary repairs. From this, we went further in Fischer v. Hawkeye Stages, 240 Iowa 1203, 1212, 37 N.W.2d 284, by applying the same rule to repairs to a 1937 Oldsmobile about nine years old when it was damaged. We there held we would take judicial notice that the value of the car was not less than $285, the proven repair bill. We there said (page 1213 of 240 Iowa, page 290 of 37 N.W.2d) that "the matter may not be entirely free from doubt."

The majority now hold that judicial notice will be taken that the value of a tractor and trailer from four to five years old does not exceed the cost of repairs in the sum of $739.71. Judicial notice is defined as "the cognizance of certain facts which judges and jurors may properly take and act on without proof because they already know them." 31 C. J. S., Evidence, section 6, page 509.

For myself, I do not know what the value of the tractor and trailer described here may have been at the time of the collision. We are not told how many miles they had traveled or what condition of repair and upkeep they were in. The conditions referred to in the Fischer case, supra, when used motor vehicles were selling at very high prices, do not now obtain. The majority opinion leads us into the field of determining values without any evidence of what they may have been. It does away with the necessity for counsel to prove his case by proper evidence and settled rules of law. It takes judicial

notice of something which is not common knowledge. I believe that even an expert on motor-vehicle values would want to know something of the number of miles traveled and the general condition of this tractor and trailer before giving an opinion as to its value.

I have concurred in the result because of the failure of appellant to assign errors as required by Rule of Civil Procedure 344(a)(3).

HAYS, J., joins in this special concurrence.