DOWNING DAIRY, INC., appellee, v. SHARON ANDERSON and MAX H. ANDERSON, appellants.

No. 50602.

MAY 8, 1962.

Harold D. Wedean, of Davenport, for appellants.

Berger & Shaw, A. Fred Berger and Robert J. Shaw, of Davenport, for appellee.

SNELL, J.—This is a law action tried to the court without a jury. The case arose following a collision of motor vehicles at an intersection. Plaintiff sought damages for the destruction of its motor vehicle. The trial court found for plaintiff and fixed the amount of plaintiff's recovery. There has been no appeal

from the finding of liability. The only issue on appeal is the sufficiency of the evidence to support the amount of the verdict. The only dispute was the value of the truck before the collision.

Plaintiff's vehicle was a 1947 Divco milk delivery truck with a refrigerated body. It was about 12 years old. It was in good operating condition and had a comparatively new motor. After the collision it had no value except for salvage. Plaintiff's evidence included the testimony of an experienced dealer in Divco trucks. He had sold trucks to plaintiff for 15 years. He was familiar with the condition of plaintiff's truck before and saw it after the collision. He testified that the truck's value immediately before the collision was $1500. It was later sold for salvage for $59.55. Another witness, the driver of the truck, testified as to its condition. An insurance adjuster called as a witness by defendants saw the truck after the collision. He considered it a total loss. He had never seen the truck before and expressed no opinion as to its prior value. Another witness called by defendants testified that he had bought and sold Divco trucks 12 years old for from 25 to 50 dollars. He had not seen the truck in question.

The rule fixing the measure of damage is well settled. The witnesses agreed that after the collision there was only salvage value. The measure of damage was the reasonable market value before the collision less the reasonable salvage value thereafter. Langham v. Chicago, R. I. & P. R. Co., 201 Iowa 897, 208 N.W. 356; Mann v. Des Moines Ry. Co., 232 Iowa 1049, 1074, 7 N.W.2d 45. See also Iowa Uniform Jury Instructions No. 3.5.

The court's findings have the effect of a special verdict. Rule 334, Rules of Civil Procedure. Our only duty is to review the record to see if the trial court's findings are supported by sufficient evidence. Breitenkamp v. Community Cooperative Assn., 253 Iowa 839, 114 N.W.2d 323, and cases cited therein.

We have reviewed the record. The trial court found the value of the truck before the collision was $1500 and that there was salvage value thereafter of $59.55. The trial court's finding is supported by the record. We find no error.

The case is—Affirmed.

All Justices concur except Moore, J., who takes no part.