LEROY J. JOHNSON, appellee, v. GEORGE E. SCOTT, appellant.

No. 52042.

(Reported in 142 N.W.2d 460)

MAY 3, 1966.

Seymore M. Raben, of Davenport, for appellant.

McDonald & McDonald, of Davenport, for appellee.

RAWLINGS, J.—Plaintiff's son driven automobile and defendant's self-operated vehicle were involved in a collision which occurred April 18, 1963, in Davenport.

From judgment on verdict adverse to defendant, he appeals claiming error was committed by the trial court in submitting the case to a jury.

Defendant contends plaintiff's evidence as to damages was fatally deficient, and the trial court erred in advising the jury to the effect contributory negligence, if any, on the part of plaintiff's driver could not be imputed to plaintiff.

We shall consider the testimony more in detail as it relates to the legal problems presented.

I. It is first claimed by defendant the evidence relative to before and after value of plaintiff's automobile was too uncertain, speculative and conjectural for submission to the jury. We agree.

By his petition plaintiff claimed the before accident value of his automobile was $965, that he obtained $171 salvage after the mishap, then asked $844 damages. He also asserted the vehicle owned by him was being operated at time of accident by and for the pursuits of his son Michael.

Defendant admitted plaintiff owned the vehicle driven by his son but denied the damages claimed, and alleged plaintiff was in control of his car at the time here concerned.

Plaintiff's testimony as to claimed value and damage was substantially as follows: He bought the car about three weeks prior to the collision and paid $1150 to $1200 for it, but this amount may have included unknown sums applied to finance charges, cost of license and insurance premiums. He then said the car was "totaled out", "absolutely totaled", and "junk as such" by reason of the mishap.

In Langham v. Chicago, R. I. & P. Ry. Co., 201 Iowa 897, 901, 208 N.W. 356, we said the three accepted methods for determination of damages to a motor vehicle were as follows:

"1. When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.

"2. Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

"3. When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident."

These damage measurement precepts were approved in Smith v. Pine, 234 Iowa 256, 261, 12 N.W.2d 236, and Kohl v. Arp, 236 Iowa 31, 33, 17 N.W.2d 824, 169 A. L. R. 1067, and several other cases.

Later this court said, where an automobile involved in a collision has no value other than as junk, the measure of damages is the reasonable market value before the accident, less the reasonable salvage value thereafter. Downing Dairy, Inc. v. Anderson, 253 Iowa 1004, 1005, 115 N.W.2d 200.

But in the case now before us we have no starting basis, no competent before accident value testimony upon which the jury could determine the amount of damage to plaintiff's vehicle.

This court has previously held an owner may testify as to value of his personalty. State v. Brightman, 252 Iowa 1278, 1286, 1287, 110 N.W.2d 315; Ruth v. O'Neill, 245 Iowa 1158, 1176, 66 N.W.2d 44; and Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 36, 55 N.W.2d 528.

Also, the bona fide purchase or sales price is a proper reference source of information upon which to base valuation testimony. Reed v. Bunger, 255 Iowa 322, 331, 122 N.W.2d 290; Ruth v. O'Neill, supra; Andrews v. Western Asphalt Paving Corp., 193 Iowa 1047, 1054, 188 N.W. 900; and Carnego v.

Crescent Coal Co., 164 Iowa 552, 554, 146 N.W. 38, Ann Cas. 1916D 794.

In McBeth v. Merchants Motor Freight, Inc., 248 Iowa 320, 323, 79 N.W.2d 303, we went to the extreme in liberalizing proof of value. There the court took judicial notice that the value of a truck producing a rental of $12.50 per day, plus 11¢ per mile, had a value in excess of repair costs.

■ But the evidence presented in the case at bar does not approach the liberal view expressed in McBeth.

Here plaintiff's testimony does not even reach an approximation of the before accident value.

■ In this connection we said in B-W Acceptance Corporation v. Saluri, 258 Iowa 489, 497, 498, 139 N.W.2d 399, 404, as follows: "In order to be entitled to an award of damages, the claiming party has the burden of proving the value of the damages as to each item with some reasonable measure of certainty. 'The rule that uncertainty as to the amount of the damage will not prevent a recovery does not mean that there need be no proof of the amount of the damage. To authorize a recovery of more than nominal damages, facts must exist and be shown by the evidence which afford a reasonable basis for measuring the plaintiff's loss. The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture, or surmise and by reference to some fairly definite standard, such as market value, established experience, or direct inference from known circumstances.' 22 Am. Jur.2d, Damages, section 25, page 46."

And, assuming arguendo the evidence presented by plaintiff to the effect his car was totaled out or junked by reason of the collision could be accepted as disclosing the automobile had no after accident value, it still remains there was no foundation presented upon which the jury could have reasonably determined the foundational before accident value.

Briefly stated, plaintiff's value testimony gave to the jury nothing of substance upon which to determine the matter of damages. Upon this basis we are satisfied the court erred in overruling defendant's motion for a new trial.

II. Incidentally, plaintiff asserted in his petition he ob-

tained $171 salvage value for his vehicle after the subject accident. No attempt was made to amend this pleading even after plaintiff had said, in testifying, the car was totaled out or junked.

Touching upon this subject, we held in Grantham v. Potthoff-Rosene Co., 257 Iowa 224, 230, 131 N.W.2d 256, 259, allegations contained in a pleading bind the one who makes them, and militate against the pleader even though there may be some conflict as to their truth. See also Katcher v. Heidenwirth, 254 Iowa 454, 467, 118 N.W.2d 52.

It thus becomes evident plaintiff's pleading served only to compound the uncertainty and confusion which stemmed from his failure to produce any competent value testimony.

III. Since we have no alternative but to reverse and remand, some consideration should also be given to defendant's claim of error by the trial court in concluding plaintiff's driver was a consent operator, and instructing the jury accordingly.

The only evidence presented in this direction was substantially as follows: Plaintiff's son asked permission of the father to use the car in order to attend a dance. The father gave his consent. The son then told his father the car had stalled as a result of which he planned to stop at a gas station on the way to the dance and fix the carburetor. This certainly failed to disclose any principal and agent, or master and servant, relationship between father and son at the time here concerned.

Under factually comparable circumstances this court so concluded in Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 924.

We there held the test of agency is the right to control the actions and conduct of another; where control is relinquished by the owner of an automobile to a mere consent user no agency is created; and, since enactment of section 321.493, Code, 1962, there has been no need in this state for the so-called family purpose doctrine.

According to the evidence presented in the case now before us there was no error on the part of the trial court in advising the jury to the effect contributory negligence, if any,

of the consent operator was not imputable to plaintiff-owner. See Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212.

IV. During the trial defendant appropriately moved for a directed verdict, then, after judgment had been entered against him, moved for a judgment notwithstanding the verdict or for a new trial. The court ruled adversely to defendant on all these motions.

Having determined a reversal is in order, the question presented is whether plaintiff is entitled to a new trial.

In Olson v. Hodges, 236 Iowa 612, 627, 628, 19 N.W.2d 676, we said:.

"It has been the uniform rule of this court that a general order of reversal in a law action cancels the district court judgment and sends the case back for a full retrial of the entire case, even though the reversing opinion was based upon the insufficiency of plaintiff's evidence. * * * Before the adoption of the new Rules of Civil Procedure, and under section 12871 of the 1924 and subsequent Codes, we have ordered judgment where it clearly appeared that each party had fully presented his case, and that the record on a retrial would very likely not be different. * * *

"But Rule 349 of the new Rules provides that when a judgment is reversed for error in overruling a motion to direct a verdict, and the granting of the motion would have terminated the case in favor of appellant, this court may enter, or direct the trial court to enter final judgment as if the motion had been initially sustained; provided that, if it appears from the record that the material facts relating thereto were not fully developed at the trial, or if, in the opinion of this court, the ends of justice will be served thereby, a new trial shall be awarded of such issue or of the whole case."

See also McCornack v. Pickrell, 231 Iowa 737, 742, 2 N.W. 2d 57; and Taylor v. Burgus, 221 Iowa 1232, 1235, 1236, 262 N.W. 808.

We are persuaded the material facts essential to plaintiff's case were neither properly developed nor fully presented, and the ends of justice will be best served by ordering a new trial of the whole case.

V.  Judgment is reversed and the case remanded for new trial.—Reversed and remanded.

GARFIELD, C. J., and LARSON, THORNTON, SNELL, MOORE and BECKER, JJ., concur.

STUART and MASON, JJ., concur in reversal, but dissent from the remand.