Anna Mary LEVI, Executrix of the Estate of Ward A. Levi, Deceased, Appellant,

v.

ASHLAND OIL AND REFINING COMPANY, a corporation, d/b/a Ashland Chemical Company, a division of said corporation, Hester Henry Graddy and Norman Bryant, Appellees.

No. 43271.

Supreme Court of Oklahoma.

April 18, 1972.

Carl H. Livingston, Rosenstein, Livingston, Fist & Ringold, Tulsa, for appellant.

Wm. S. Hall, Green, Feldman & Hall, Tulsa, for appellees.

WILLIAMS, Justice:

Here we have a petition for certiorari to the Court of Appeals, Division 1, for the review of a decision of that court affirming the trial court's judgment for defendants in accordance with a jury verdict. Certiorari granted.

The action in the trial court was for damages resulting from an automobile accident in which plaintiff's husband was killed. This accident happened shortly after dark the day before Thanksgiving on Avery Road, a black-topped county road which parallels the Arkansas River a few miles west of Tulsa, Oklahoma. Defendants were Ashland Oil and Refining Co., the owner of a truck-trailer combination involved in the accident; Mr. Graddy, the truck driver; and Mr. Bryant, an Ashland foreman.

On appeal, the plaintiff argues generally under several propositions that the trial court failed to properly instruct the jury on some of the fundamental and material issues of the case. An understanding of the arguments presented requires a brief summary of the evidence. It should be kept in mind that on most of the material issues, the evidence was in conflict.

At about 3:00 o'clock p. m. on the day of the accident, the Ashland truck-trailer driven by Graddy, traveling east on Avery Road, came to a stop with mechanical trouble. At that point there were guard posts on both sides of the road. Graddy pulled the truck to the right, then got out and allegedly placed warning devices of the reflector type along the road in accordance with the requirements of 47 O.S. 1971, § 12–408. It appears, however, that most of the truck-trailer was still on the traveled portion of the roadway.

Graddy notified Ashland's Tulsa office of his difficulties and Mr. Bryant, the Ashland foreman, came to the scene. A mechanic was called. After some efforts to make repairs at the scene, the mechanic removed some truck parts and took them back to his shop in Tulsa for repair. Gradday and Bryant left the scene about 4:30 p.m., but without turning on any of the truck-trailer lights. It was contemplated that the mechanic would finish his work, notify the foreman and return to the scene in time to put the truck in condition to be moved under its own power before dark. However, the repair work at the shop took longer than was expected, and was not completed until after dark.

Under government weather records admitted by stipulation, the sun set on that day at 5:20 p.m.; the sky was overcast with broken clouds, and the moon did not rise till after 9 o'clock p.m.

A little after 6:00 p.m., plaintiff's husband, Mr. Levi, was returning from a fishing trip to Keystone Lake with a friend, driving his own car. They were traveling east on Avery Road. Apparently, Levi failed to see the stalled truck-trailer in the traffic lane in front of him until he was close to it. He swerved his car to the left across the center line, where it collided with a pickup truck approaching from the opposite direction. Levi was killed instantly in the crash. The pickup truck driver is not a defendant.

Under the two allegations of negligence in plaintiff's amended petition, two sections of the statute are involved. 47 O.S.1971, § 11–1001, provides in pertinent part in sub-section (a) that no person shall "stop, park or leave standing any vehicle" upon the main-traveled part of the highway when it is practicable to leave such vehicle off the main-traveled part of the highway. Subsection (b) provides that "This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and *temporarily* leaving such disabled vehicle in such position" (emphasis supplied).

47 O.S.1971, § 12–408, provides in specific detail the type and placement of warning devices to be used when a vehicle such as Ashland's truck-trailer is disabled upon the traveled portion of a highway, or the shoulder thereof. The reflector-type warning devices allegedly used in this case are specifically approved.

Plaintiff's two allegations of negligence are contained in paragraph 8, sub-paragraphs (a) and (b), of her amended petition, upon which the case was tried. Sub-paragraph (b) may fairly be described as an allegation of negligence in failing to set out the warning devices in the manner, and in the places, prescribed by § 12–408. No complaint is made of the rather detailed instruction given by the trial court as to the requirements of this section of the statute.

Sub-paragraph (a) (of the allegations) was as follows:

"Negligence and want of care of the defendants and each of them in *leaving the aforementioned truck* upon the travveled portion of the paved road *for a period of time* prior to the accident herein concerned, under such circumstances as aforesaid as to constitute an obstruction and hazard to traffic approaching from the west on said road *after dark*, which should have been foreseen by defendants in the exercise of ordinary care and prudence; and negligence and want of care of defendants in parking, stopping, and *leaving said truck standing* in violation of Section 11–1001 of Title 47 of Oklahoma Statutes." (Emphasis added).

Although this language is not as clear as it might have been, we think that in view of the portions emphasized above, and under the facts in this case, it may be described fairly as an allegation of negligence in failing to remove the truck-trailer from the roadway within a reasonable time after the emergency created by the mechanical trouble had ended.

The evidence that the vehicle was "disabled" and unable to move under its own power is uncontradicted; therefore, under § 11–1001(b), defendants were authorized to leave the vehicle in place *temporarily.* There is substantially uncontradicted evidence that they left the vehicle in place about three hours, and until after dark, before the accident happened. There is also evidence which would have justified a jury conclusion that it could conveniently have been moved by a wrecker or tow-truck long before dark.

Although this Court apparently has never considered the provisions of § 11–1001(b) before, an almost identical Wisconsin statute has been considered by the Wisconsin Supreme Court in an action arising out of a strikingly similar accident. See Walker v. Kroger Grocery and Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680. In that case, after detailing the circumstances of the accident and setting out the statute involved, the Wisconsin Supreme Court said:

" * * * As the evidence warranted a finding that Hegley [the truck driver], in the exercise of ordinary care, could and should have removed the truck from the concrete roadway before jacking it up, it was within the province of the jury to find that, because of his failure to do so, he was equally negligent with his employer. The latter, in addition, could also be considered negligent in that respect because of the delay caused by its mechanic in taking the studs back to Madison for repair, instead of doing that work in a shop in the nearby village of Cambridge."

To the same general effect, see 8 Am. Jur.2d Automobiles and Highway Traffic, § 817, and 60A C.J.S. Motor Vehicles § 332, page 383. For other cases involving very similar statutes, see Shelton v. Lowell, 196 Or. 430, 249 P.2d 958, and Boger v. Kellner, 239 Iowa 1189, 33 N.W.2d 369.

█ In view of the allegations in paragraph 8(a) of plaintiff's amended petition and the evidence in this case, we think plaintiff was clearly entitled to an instruction along the line requested to the general

effect that in the event of a finding that defendants failed to exercise ordinary care to remove the truck-trailer within a reasonable time, together with appropriate findings as to proximate cause and lack of contributory negligence, the jury would be justified in returning a verdict for plaintiff.

In the answer brief, defendants suggest that the issues were sufficiently covered in the instructions which the court gave. Those consisted of what are ordinarily called the "stock" instructions usually given in a negligence action arising from an automobile accident, including instructions on negligence per se and the assured clear distance ahead rule, plus the instruction on § 12–408. However, although the trial court mentioned the allegations contained in paragraph 8(a) of plaintiff's amended petition in his statement of the case, he gave no instruction setting out the applicable law in that regard. The jury was thus left without guidance in determining whether the allegations of paragraph 8(a), supra, if sustained by the evidence, would support a verdict for plaintiff.

The plaintiff pleaded only two general theories of negligence in this case. The evidence justified the submission of both to the jury. We hold that the trial court's failure to properly instruct upon one of them along the line requested by plaintiff constituted reversible error and that a new trial is required in this case. Phillips v. Barker, Okl., 269 P.2d 337; International Harvester Co. of America v. Snider, 184 Okl. 537, 88 P.2d 606.

■ Also, we determine that the trial court erred in refusing to properly instruct along the line of requested instruction No. 3, to the general effect that mere compliance with the requirements of the statute concerning the setting out of the warning devices would not necessarily excuse defendants from the duty to exercise ordinary care under the circumstances shown by the evidence. Roadway Express Co. v. Baty,

189 Okl. 180, 114 P.2d 935; Missouri, K. & T. R. Co. v. Stanton, 78 Okl. 167, 189 P. 753; 8 Am.Jur.2d Automobiles and Highway Traffic, § 825; 60A C.J.S. Motor Vehicles § 248. Under the evidence in this case, absent such an instruction, we think it is likely that the jury might have believed that if defendants were found to have complied with the requirements of § 12–408 (concerning the placement of warning devices) no finding of negligence because of failure to exercise ordinary care was permissible.

■ We note that included in the motion for new trial was an allegation of newly discovered evidence, going to the question of decedent's speed of travel and whether he was guilty of contributory negligence, properly supported by affidavit, but with no showing in the record before us of diligence in seeking such evidence before trial. The evidence may be material to the issues and presumably will be offered in the re-trial of this case. If at a new trial in this case, an issue develops from the evidence and under the pleadings as to whether plaintiff's decedent was confronted with a sudden emergency at the time and place involved, an instruction with reference thereto should be given the jury for its consideration in connection with any determination it may be required to make as to whether the decedent was guilty of contributory negligence.

■ Similarly, we are of the opinion that plaintiff was entitled to an instruction of effect that her decedent had a right to assume that other vehicles would not be left on the road in question so positioned as to constitute a hazard thereon without their drivers taking the precautions an ordinarily prudent person would have taken under the same or similar circumstances to prevent injury to others lawfully using the highway.

The petition for certiorari is granted; the decision of the Court of Appeals is reversed; the judgment of the trial court is

reversed and the cause is remanded with directions to grant plaintiff a new trial.

IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.

BERRY, C. J., and JACKSON, J., dissent.