# IN THE COURT OF APPEALS OF IOWA

No. 20-1295
Filed December 15, 2021

**MICHAEL ALEXANDER LAJEUNESSE,**
Plaintiff-Appellant,

**vs.**

**THE IOWA BOARD OF MEDICINE,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Michael Lajeunesse appeals the dismissal of his case for lack of prosecution. **AFFIRMED.**

Michael Lajeunesse, Anamosa, self-represented appellant.

Thomas J. Miller, Attorney General, and Caroline Barrett and Anagha Dixit, Assistant Attorneys General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

In a pro se filing, Michael Lajeunesse petitioned for writ of mandamus pursuant to Iowa Code section 661.9 (2020).[1] In that February 12, 2020 filing, Lajeunesse referenced his "petition for a declaratory order against the [Board] of [M]edicine's licensee: Dr. [Gregory A.] Schmunk." Lajeunesse claimed he mailed the petition to the Iowa Board of Medicine (Board) on December 30, 2019. From that pleading, we glean that Lajeunesse sought information related to Dr. Schmunk from the Board to use in his defense involving his conviction for attempted murder and willful injury causing serious injury. Dr. Schmunk, as the Polk County medical examiner, testified as an expert witness in Lajeunesse's criminal case about the nature of injuries suffered by the victim. Although Lajeunesse appealed his conviction, our court affirmed it. *State v. Lajeunesse*, No. 17-0507, 2018 WL 1099024, at *6 (Iowa Ct. App. Feb. 21, 2018). Lajeunesse has since applied for postconviction relief (PCR). Lajeunesse's PCR action is currently on appeal.

Returning to the filing at hand, Lajeunesse failed to serve the Board with a copy of the writ of mandamus by the May 13, 2020 deadline—ninety days after filing the petition. *See* Iowa R. Civ. P. 1.302(5).[2] Recognizing that failure, on July 14, 2020, the district court ordered:

---

[1] Section 661.1 provides: "The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

[2] Rule 1.302(5) states:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be

1. Plaintiff shall within fourteen (14) days of this Order, either:
• File with the Clerk of Court the Return of Service or similar document which evidences service on the Defendants within ninety (90) days of filing of the Petition as required by Iowa Rule of Civil Procedure 1.302(5) and deliver a copy to the assigned Judge; or
• In the event the Plaintiff has not served the Defendants within the ninety (90) days of filing of the Petition, or otherwise cannot file a Return of Service or similar document evidencing timely service, the Plaintiff or Plaintiff's attorney shall file a motion with supporting affidavit stating the good cause for Plaintiff's failure to timely serve the Defendants or inability to file a Return of Service or similar document, and requesting the Court to direct an alternate manner of service, or to extend the time for an appropriate period of service, or filing of the return. A copy of the motion shall be delivered to the assigned Judge.
2. If the Plaintiff fails to comply with the provision of the subparagraphs in paragraph 1 by the date specified, pursuant to Iowa Rule of Civil Procedure 1.302(5) the Court will dismiss this case without prejudice.

The deadline for action passed. Neither option was exercised by Lajeunesse, so the district court found that the Board had "not been served with the Original Notice nor has the plaintiff filed an application for an extension of time." To that end, the district court dismissed the case for lack of prosecution on August 3, 2020. Lajeunesse moved to amend or enlarge, but the district court found his reasons inadequate to overcome the dismissal and overruled the motion. Lajeunesse appeals the dismissal of his case. We review the district court's decision to grant a motion to dismiss for correction of errors at law. *See Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). On a motion to dismiss for delay of service, the court may consider facts outside the pleadings. *Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000).

---

served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Now on appeal, Lajeunesse raises several issues[3] for review not germane to the question presented under this record. Yet, both parties made numerous references to filings and information outside of the record and both ask we take judicial notice of other filings between the parties.[4] Even without these additional filings, what the record does show is Lajeunesse's continual engagement with the Iowa legal system. At the core, Lajeunesse did not follow the required steps to move his case past dismissal. While he is treading into a world of legal deadlines and requirements, self-represented parties receive no preferential treatment. *See*

---

[3] In his appellate brief, Lajeunesse details these issues:

    a. Should the [Board] be forced to perform disciplinary proceedings against Dr. Schmunk for his "expert opinionated" testimony during Appellant's criminal trial?

    b. Since the extraordinary writ of mandamus can only be issued for the performance of a statutorily imposed duty in accordance with the law, can the Board claim that their "licensee" will suffer prejudice even though the Board's primary discretion is left intact, therefore allowing Dr. Schmunk his due process of the law?

    c. Will the writ further compel the Board to provide a page by page summarized analysis into the contents of the medical records in question—that is also "certified" and peerly reviewed? And,

    d. It is to the best of the Appellant's understandings [sic] that the Honorable William P. Kelly did this Appellant justice by "summarily adjudicating" his case when he ruled on the Appellant's motion to enlarge or expand conclusions of law?

[4] The Board requests that we take judicial notice of the cases involving Lajeunesse to determine if the issues in this appeal are moot. Likewise, along with the issues raised in the appeal, Lajeunesse requests we take judicial notice of the termination of Dr. Schmunk and the proceedings before the Board related to that status. "Judicial notice is defined as 'the cognizance of certain facts which judges and jurors may properly take and act on without proof because they already know them.'" *McBeth v. Merchs. Motor Freight, Inc.*, 79 N.W.2d 303, 325 (Iowa 1956) (Thompson, C.J., specially concurring) (citation omitted). "[O]rdinarily judicial notice may not be taken of court proceedings in related but wholly different cases." *In re Adkins*, 298 N.W.2d 273, 277 (Iowa 1980). Here, the parties did not identify portions of any record or filing that addresses the issue we decide today—the failure to timely serve—so we avoid that exercise. Likewise, our ruling does not require we address the Board's mootness argument.

*Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000). "The law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." *Metro. Jacobson Dev. Venture v. Bd. of Rev.*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). Under this record, Lajeunesse did not establish good cause for his failure to serve the Board within ninety days of petitioning for writ of mandamus. *See Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006) (holding that attempts at service with no legal significance are not adequate justification for delay in service).

We affirm the district court's dismissal.

**AFFIRMED.**